Steven RAGSDALE, Appellant,

v.

SECRETARY, DEPARTMENT OF HEALTH, EDUCATION AND WELFARE, Appellee.

No. 79–1642.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 12, 1980.

Decided June 18, 1980.

Richard Jarboe, Ponder & Jarboe, Walnut Ridge, Ark., for appellant.

Sandra W. Cherry, Asst. U.S. Atty., Little Rock, Ark. (argued), and George W. Proctor, U.S. Atty., Little Rock, Ark., on brief, for appellee.

Before LAY, Chief Judge, and BRIGHT and HENLEY, Circuit Judges.

LAY, Chief Judge.

Steven Ragsdale, who was 59 years old at the time of his hearing, appeals from the district court's affirmance of the denial of social security benefits by the Secretary of Health, Education and Welfare.[1] The claimant has a third grade education and can barely read and write. He has held a number of odd jobs, including construction work and serving as a janitor and mechanic.

In the year preceding the hearing he had worked only one and one-half days. Claimant testified that he has trouble breathing after any physical exertion.[2] One complaint relates to his lungs and longstanding bilateral inguinal hernias (he has refused surgery). He has cataracts in both eyes and is blind in one eye. Claimant was forced to give up his job as a janitor in 1974 because he could not pass the company physical. His treating physician, Dr. Spades, verified his bilateral inguinal hernias. Another treating physician said that claimant's pulmonary condition was gradually getting worse and he could not exert himself without dyspnea (labored respiration). A consulting physician, Dr. Price, verified his condition, noting as well that claimant had emphysema and inactive tuberculosis. Dr. McKee, another consultant, diagnosed his cataract condition and noted that the claimant could not see very well. Based on this evidence the administrative law judge (ALJ) stated that he reluctantly found that claimant's physical impairments were *not documented* to be of such severity that they prevented him from engaging in

1. The social security hearing was held December 26, 1976. The appeals council approved the decision of the administrative law judge (ALJ) on April 5, 1977. On June 11, 1979, the District Court for the Eastern District of Arkansas entered summary judgment. The long delay between the Secretary's decision and the district court's and this court's review is indeed unfortunate. It arose primarily because of the large backlog of cases in the Eastern District of Arkansas, which was caused by lack of judges. As in so many other areas deserving judicial priority, social security disability cases should be given expeditious review.

2. The ALJ failed to comment on the testimony of Ragsdale's wife and son. Mrs. Ragsdale testified:

A Well, he had that bleeding, and he can't do anything that just a few minutes of time, cleaning the rug, why, he gives out. Or if he carries in wood, why he just has to carry 3 or 4 sticks. He can't put in a whole lot of wood.
Q How does it affect him?
A He can't hardly get his breath. He pants, you know, just like, you know, breathing.
Q How long has he been that way?
A Well, he's been that way quite some time. I couldn't say exactly.
Q One year?

A Yeah.
Q Two years? Over one year?
A Well, I just couldn't say, because, I just—I know he's been that way some time, but—
Q Well, you remember when he worked at Fallonite, I guess?
A Yeah.
Q Did this condition exist then?
A Well, he wasn't able to work, you know, when he was trying to work there.
Q How did the work that he was doing affect him?
A Well, he just give out. His arms bothered him, and it always seemed like later on, you know, that he'd get—that breathing was, you know.
Q Do you feel like he's not able to do the kind of work he's always done?
A You mean mechanic, and work like that?
Q Yes. Work as a janitor, and work of that type.
A No, sir. I don't think he is.
Q And has that been true for a year or so?
A Yes.

**530**

substantial, gainful activity. No vocational expert was called to testify. We reverse and remand to the Secretary for additional findings.

■ In making his findings, we note that the ALJ held:

It is noted that the claimant's subjective complaints are worse than those reflected in the *objective* medical evidence. . . ."

(Emphasis added).

As we have pointed out in a companion case filed this date, this finding is clear error. *See Brand v. Secretary of Health Education & Welfare*, 623 F.2d 523 No. 79–1641 (8th Cir. filed June 18, 1980). The Social Security Act does require that the claimant establish his physical impairment by "medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). However, a social security claimant is not required to establish the full extent of his subjective symptoms with objective medical evidence.

Claimant's treating physician found that he was disabled from working. Although this is not binding on the Secretary, we think under the record existing here, this opinion is to be given at least equal weight with the opinion of a consultant who examined the claimant on only one occasion. *Cf. Hancock v. Secretary of Health, Education & Welfare*, 603 F.2d 739 (8th Cir. 1979) (consulting physician's report is given little weight when treating physician reaches conclusion directly contrary). However, in this case Dr. Price, the consulting physician, concedes that claimant was moderately limited in physical activity due to the emphysema. The only disagreement between the two doctors is in the severity of claimant's respiratory problems. Claimant's symptoms and work record is not to be ignored. There is no evidence that he is a malingerer. Claimant has worked continuously over

the years until his health deteriorated to its present condition. He was rejected by an employer for light janitorial work because he could not pass the company's physical. Claimant's mechanical skills have deteriorated because of his poor vision. Yet, the ALJ concluded that claimant could return to his janitorial or mechanical work. His finding seems unusual in view of the record here and particularly in the absence of testimony by a vocational expert. As this court stated in *Johnson v. Richardson*, 486 F.2d 1023, 1025 (8th Cir. 1973):

It is true, as the district court recognizes, that the examiner, sitting as a trier of fact, may apply his experience and judgment in weighing the testimony of experts and draw fair and reasonable conclusions from the evidence. It is one thing for the examiner to infer that the overall evidence did not support the claimant's allegation of disability; however, it is another for the examiner to make that inference on his own determination that the claimant could serve in *a specific* vocation, when the only evidence in the record disputes it.

■ We find the Secretary has placed too much emphasis on the need for objective clinical findings, without proper evaluation of claimant's education, background, work history, age, subjective complaints and the testimony of his treating physicians. *See Brand v. Secretary of Health, Education & Welfare*, 623 F.2d 523 (8th Cir. 1980). In view of claimant's inability to hold a job as a janitor and his own testimony as to his limited work capacity, we think it appropriate to remand to the Secretary to have current medical data supplied and evaluated by a vocational expert to determine if claimant can perform any substantial gainful activity. *See Garrett v. Richardson*, 471 F.2d 598, 603–04 (8th Cir. 1972).[3]

**3.** As we expressed in *Johnson v. Richardson*, 486 F.2d 1023, 1025 (8th Cir. 1973):

Our statement in *Garrett* does not mean in every Social Security disability hearing the administrative judge must call as a witness a vocational counselor. Where, however, the

essential issue relates to the capacity of the claimant to perform a specific job and *there is no other evidence directly on that issue*, in order for the record to be fully and fairly developed, a vocational expert should be called. Under the circumstances, we find the

The judgment is vacated and the cause remanded to the district court with directions to remand the claim to the Secretary of Health, Education and Welfare for further proceedings.

record was not fully and fairly developed. *See Sellars v. Secretary*, 458 F.2d 984 (8th Cir. 1972).