**Norma W. LEWIS, Appellant,**

v.

**Richard SCHWEIKER, Secretary of Health and Human Services, Appellee.**

**No. 83–1050.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 16, 1983.

Decided Nov. 3, 1983.

Robert J. Blackwell, Mayhugh, Harris & Blackwell, Flat River, Mo., for appellant.

Thomas E. Dittmeier, U.S. Atty., Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for appellee; Paul P. Cacioppo, Regional Atty., Region VII, D. Samuel Borin, Asst. Regional Atty., Dept. of Health and Human Services, Kansas City, Mo., of counsel.

Before HEANEY and JOHN R. GIBSON, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

HEANEY, Circuit Judge.

Norma Lewis appeals from the district court's order granting summary judgment to the defendant Secretary of Health and Human Services (Secretary), thereby affirming the Secretary's decision denying Lewis disabled widow's insurance benefits. The sole issue on appeal is whether the Secretary's decision denying disability is supported by substantial evidence. For the reasons set forth below, we affirm.

Lewis and her husband, Arvil Wichman, operated a grocery store for twenty years until his death on July 9, 1965. She received mother's benefits on his earnings record under 42 U.S.C. § 402(g) until February, 1966, when her son was killed in an automobile accident. Lewis also sustained serious injuries from this accident. Lewis remarried in 1969 and was divorced in August, 1979. On February 22, 1980, she filed for disabled widow's insurance benefits. The Social Security Administration denied her application, and after her requested hearing, an administrative law judge (ALJ) decided against her claim on July 7, 1981. The Appeals Council affirmed this decision on November 2, 1981. Lewis filed suit for review of this decision in the United States District Court for the Eastern District of Missouri on December 7, 1981. After reviewing a federal magistrate's recommendation, the district court granted the Secretary's motion for summary judgment, and dismissed the case on December 17, 1981. Lewis then brought this appeal.

To prove her disability, Lewis must show she suffers physical or mental impairments which the Secretary deems sufficient to preclude her from engaging in *any gainful activity*. 42 U.S.C. § 423(d)(2)(B). This is a stricter standard than the "substantial gainful activity" standard for wage earner's disability claims. Pursuant to the Secretary's regulations, Lewis must suffer from an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. part 404, or suffer from one or more unlisted impairments which alone or in combination equal a listed impairment. 20 C.F.R. § 404.1577–1578. Age, education, and work experience are not considered. *Id.*

Lewis was hospitalized after her auto accident for six weeks in February and March of 1966. She suffered numerous injuries, including traumatic brain injury and multiple rib fractures. Lewis entered the hospital on several other occasions in succeeding years, with complaints which included headaches, dizziness, mental anxiety, and confusion. Her treating physician, Dr. Robert Huckstep diagnosed her condition on several of these occasions as "chronic brain syndrome due to trauma." Dr. Huckstep noted improvement in her condition each time upon discharge from the hospital.

The ALJ found Lewis's impairment did not meet the requirements for chronic brain syndrome listed in section 12.02 of the Listing of Impairments, *supra,* as follows:

12.02 *Chronic brain syndromes* (organic brain syndromes). With both A and B:

A. Demonstrated deterioration in intellectual functioning, manifested by persistence of one or more of the following clinical signs:

1. Marked memory defect for recent events; or

2. Impoverished, slowed, perseverative thinking, with confusion or disorientation; or

3. Labile, shallow, or coarse affect;

B. Resulting persistence of marked restriction of daily activities and construction of interests and deterioration in personal habits and seriously impaired ability to relate to other people.

The Secretary's designated physician, Dr. Franz Steinberg, reviewed Lewis's medical record and determined that, although her record does reveal repeated medical reports noting her problems with confusion and diagnosing chronic brain syndrome, she did not exhibit the symptoms in part B. In addition, a June 5, 1980, report by Dr. Huckstep stated:

The patient has been on medication for sleep, nervousness, and depression since the accident in 1966. Since this time, I feel her ability to relate to others and to her physician is considerably better than it was several years ago, however I feel there is still some impairment there and this is difficult to evaluate.

He also noted that while her personal habits had deteriorated for a number of years after the accident, as of that date, she was "very neat and clean and makes a nice appearance."

The opinions of these two doctors and the rest of Lewis's medical record provide substantial evidence to support the ALJ's finding that Lewis's brain impairment did not meet the requirements of section 12.02. The ALJ's decision also reveals careful consideration of other possible impairments, including fractures, arthritis, anemia, headaches, and weight loss. Again, both Lewis's medical record and Dr. Steinberg's review show substantial evidence in support of the ALJ's decision denying existence of these impairments, either alone or in combination.

One clarification is in order, however. Dr. Huckstep's reports of May 7, 1980, and June 5, 1980, concluded that Lewis is "totally and permanently disabled," and that "at her age and lack of training and obvious physical and mental trauma in the past * * * no one would be willing to hire her." The Secretary argued that Dr. Huckstep's opinion should be discounted since it was not phrased in terms of the Social Security Act's statutory definition of "disability." While the ALJ's decision did conclude that the medical evidence concerning Lewis's psychiatric condition "is very sketchy," it does not appear that the ALJ dismissed Dr. Huckstep's comments solely because they were not phrased in statutory language. Indeed, the ALJ in social security cases is charged with developing the facts. *Richardson v. Perales,* 402 U.S. 389, 410, 91 S.Ct. 1420, 1431, 28 L.Ed.2d 842 (1971). Our past decisions establish the ALJ's obligation to develop the record fully; if a treating physician, for example, has not issued an opinion which can be adequately related to the statute's disability standard, the ALJ is obligated—particularly when as here the claimant is not represented by counsel—to address a precise inquiry to the physician so as to clarify the record. *See, e.g., McGhee v. Harris,* 683 F.2d 256, 260 (8th Cir.1982); *Landess v. Weinberger,* 490 F.2d 1187, 1189 (8th Cir.1974); *Sellers v. Secretary,* 458 F.2d 984, 986 (8th Cir.1972). In this case, the record was sufficiently developed, and Dr. Huckstep's conclusions about Lewis's disability notwithstanding, there was substantial evidence to support the ALJ's decision.

Accordingly, the decision of the district court affirming the Secretary's final decision denying widow's disability insurance benefits to Lewis is affirmed.