**Evelyn LAYTON, Appellant,**

v.

**Margaret HECKLER,\* Secretary of Health and Human Services, Appellee.**

No. 83–1368.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 17, 1983.
Decided Feb. 7, 1984.

---

\* This Court on its own motion substitutes Secretary Heckler as appellee in place of her predecessor, Richard S. Schweiker.

Bruce K. Kirby, Jones, Keeter, Karchmer, Nelms, Sullivan & Kirby, Springfield, Mo., for appellant.

Robert G. Ulrich, U.S. Atty., Judith M. Strong, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before ROSS, ARNOLD, and BOWMAN, Circuit Judges.

ARNOLD, Circuit Judge.

Evelyn Layton argues that the District Court erred in upholding the Secretary of Health and Human Services' denial of her claim for disability insurance benefits and supplemental security income. She claims disability for a period beginning August 7, 1980, because of back pain, depression, and problems with bowel control. Born in 1931, Layton has worked as a nursing-home helper and as a beautician. Her last job was as a nursing assistant for St. John's Hospital, where she worked for two years from September 1, 1978, to August 7, 1980.

The Administrative Law Judge (ALJ) found that Layton was ineligible for benefits because she did not suffer from a severe impairment expected to last 12 months, as required under 20 C.F.R. § 404.-1520(a). This finding was affirmed by the Appeals Council and subsequently by the District Court.

On appeal Layton raises several issues. After examining the record, we find that two of these objections have merit. Specifically, we find that the Secretary erred in strictly requiring Layton to show that her pain was caused by an objectively evidenced medical condition and in failing to consider the combined effect of Layton's impairments. Accordingly, we remand to the Secretary for further consideration in light of this opinion.

## I.

Layton objects to the ALJ's finding that her back pain did not constitute a severe impairment. She testified that she is unable to work because of severe back pain which radiates down her legs, and that she quit her job as a nurse's aide for this reason. The Administrative Law Judge (ALJ) found that the pain was not a severe impairment, relying in part on 20 C.F.R. §§ 404.1529 and 416.929. The former regulation states:

We will *never* find that you are disabled based on your symptoms, including pain, unless medical signs or findings show that there is a medical condition that could be reasonably expected to produce those symptoms.

(Emphasis added.)

■ Notwithstanding this regulation, this Court has repeatedly held that an ALJ "may not disregard [a claimant's subjective] complaints solely because the objective medical evidence does not fully support them." *O'Leary v. Schweiker,* 710 F.2d 1334, 1342 (8th Cir.1983) (citations omitted); see also, *e.g., McDonald v. Schweiker,* 698 F.2d 361, 365 (8th Cir.1983); *Northcutt v. Califano,* 581 F.2d 164, 166 (8th Cir.1978); *Klug v. Weinberger,* 514 F.2d 423, 427 (8th Cir.1975). Although the absence of evidence showing an objective medical basis for pain may be considered in evaluating the credibility of the testimony about pain, such absence does not automatically compel a finding that the claimant's pain is not disabling. Whether or not a medical explanation for the pain can be given, it is nevertheless possible that the claimant is suffering from disabling pain.

■ The Secretary contends that the ALJ's reliance on the above regulation is harmless error in view of the ALJ's finding that Layton's testimony about her pain was not credible. The ALJ said this testimony was not credible because "she was able to sit immobile throughout the entire hearing which lasted in excess of one hour" and because "[h]er other allegations of severe restrictions were so inconsistent with the medical evidence to render her testimony incredible in its entirety." However, this finding of credibility conflicts with substantial evidence that shows that the pain was disabling. In particular, the record shows that Layton has persistently complained of severe back pain; that all doctors who examined her including her treating physician indicated that she suffered from chronic back pain; that Layton alleges her back pain resulted from moving a 350 pound patient; that in May 1980 she was hospitalized because of her complaints of back pain; and that she has been taking substantial doses of pain medication on a daily basis. We cannot escape the conviction that the ALJ gave too much weight to the absence of objective medical findings, no doubt because he believed that pain can never be disabling when such findings are absent.

In view of the ALJ's failure properly to consider the subjective complaints of pain and the inadequacy of his credibility finding, we remand to the ALJ for reconsideration of whether Layton's pain is disabling. In doing so, we wish to underscore that we shall continue to upset the findings of the Secretary until such time as she sees fit to comply with the decisions of this Court. See *Hillhouse v. Harris,* 715 F.2d 428, 430 (8th Cir.1983) (per curiam).

## II.

■ Layton also objects to the ALJ's failure to consider the combined effect of her impairments, particularly her back pain and her depression. The ALJ's opinion does not at any point indicate that he considered the combined effect of these impairments. Yet the Secretary's own regulations and the cases of this Court make clear that disability may be shown by combining impairments. 20 C.F.R. § 404.1522; *Landess v. Weinberger,* 490 F.2d 1187, 1190 (8th Cir. 1974). In *Landess* we said,

In evaluating whether a claimant is capable of engaging in any gainful activity it is essential that the Secretary view the individual as a whole. It is senseless to view several disabilities as isolated from one another as the medical advisers did here. Each illness standing alone,

measured in the abstract, may not be disabling. But disability claimants are not to be evaluated as having several hypothetical and isolated illnesses. These claimants are real people and entitled to have their disabilities measured in terms of their total physiological well-being. *Ibid.* Therefore, we also instruct the ALJ to consider on remand the combined effect of Layton's impairments, and we remind him of his duty to develop the record fairly and fully. See, *e.g., Lewis v. Schweiker,* 720 F.2d 487, 489 (8th Cir.1983). Specifically, the ALJ may wish to develop more fully the evidence concerning the claimant's depression, in view of the fact that Layton continues to take medication for this condition, that she has received electric shock treatment nine times, and that she was last diagnosed as depressive reactive.

The judgment is reversed, and the cause remanded to the District Court with directions to remand it to the Secretary for further proceedings consistent with this opinion.