**Earl BRISSETTE, Appellant,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Appellee.**

**No. 83–1885.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1984.

Decided March 30, 1984.

**549**

Thomas E. Dittmeier, U.S. Atty., Bruce
D. White, Asst. U.S. Atty., St. Louis, Mo.,
for appellee; Paul P. Cacioppo, Regional
Atty., Region VII, Bruce R. Granger, Atty.,
Dept. of Health and Human Services, Kansas City, Mo., of counsel.

John W. Reid, II, Schnapp, Graham &
Reid, Fredericktown, Mo., for appellant.

Before HEANEY, Circuit Judge, FLOYD
R. GIBSON, Senior Circuit Judge, and
BRIGHT, Circuit Judge.

BRIGHT, Circuit Judge.

Earl L. Brissette appeals from a judgment of the district court, 566 F.Supp. 626,[1] affirming a final decision of the Secretary of Health and Human Services (Secretary) terminating Brissette's disability benefits. For reversal, Brissette contends that the Secretary's decision is unsupported by substantial evidence. For the reasons discussed below, we remand.

Brissette was born on July 12, 1941 and has a high school education. He has worked as a truckdriver, factory assem-

bler, and bench hand. In 1974, the Secretary found that Brissette was disabled due to a back injury. In July 1981, the Secretary notified Brissette that current medical evidence indicated that he could return to substantial gainful activity and was, therefore, no longer disabled. Brissette appealed the decision. On February 5, 1982, Brissette, who was represented by counsel, appeared before an administrative law judge (ALJ).[2]

At the hearing Brissette testified to constant and severe back pain. According to his testimony, he was unable to sit, stand, or walk for prolonged periods of time. Brissette testified that to help alleviate the pain he rested throughout large portions of the day, occasionally wore a back brace, and took pain medication at least once a day. He also testified that he had pain in his hands and weakness in his left leg. Furthermore, he stated that he had severe headaches that lasted two to three days and occurred as often as three times a month.

In denying benefits, the ALJ discounted Brissette's allegations of disabling pain. The ALJ did so primarily because the record evidence indicated that Brissette had not sought medical treatment for his back impairment. We recognize that in assessing a claimant's credibility, an ALJ may consider a claimant's failure to seek medical treatment. *Weber v. Harris*, 640 F.2d 176, 178 (8th Cir.1981). In this case, however, the ALJ improperly considered this factor because the medical evidence was not adequately developed.

This court has repeatedly held that "it is the [ALJ's] duty to develop the record fully and fairly even if, as in this case, the claimant is represented by counsel." *Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir. 1983). In this case the record is undeveloped in several aspects. In a 1981 statement to the Secretary, Brissette reported

1. The Honorable John K. Regan, United States Senior District Judge for the Eastern District of Missouri.

2. On appeal Brissette is presented by different counsel.

**550**

that he had been treated by Dr. Phillip Beyer four times a year from 1975 until 1981 and by Dr. A.G. Miranda three or four times a year from 1977 until 1979. Yet the record contains only scant evidence from Dr. Beyer and no evidence from Dr. Miranda. The record also does not contain records of a 1982 hospitalization for hemorrhoids and hospital records which Brissette's counsel claimed to have submitted to the Secretary by posthearing letter of May 25, 1982.

In addition, a remand is warranted because the record contains seventeen pages of illegible xerox copies of records from a November 1979 hospitalization at Madison Memorial Hospital. This court has stated that "[b]ecause of the importance of a complete record to proper review of social security benefits cases, we urge that those responsible for assembling and duplicating the records take particular care in order to speed consideration of these cases and to prevent remands." *Marshall v. Schweiker*, 688 F.2d 55, 56 n. 2 (8th Cir.1982) (per curiam).

We also note that the ALJ erred in ignoring a consulting physician's diagnosis of functional overlay and his reference to Brissette's nervousness. On remand, the ALJ should develop the evidence as to a possible psychological origin of Brissette's allegations of pain. *See Cole v. Harris*, 641 F.2d 613, 615 (8th Cir.1981). In addition, the ALJ should develop the evidence as to the precise nature of Brissette's functional limitations that result from his impairments. If there is a conflict between the reports of the consulting physicians and Brissette's treating physicians, the ALJ "must attempt either to reconcile the medical reports of [the] treating physician * * * with those of the consulting physician * * * or [the ALJ] must direct interrogatories to each physician to obtain a more substantiated opinion as to [claimant's] capabilities." *O'Leary v. Schweiker*, 710 F.2d 1334, 1342 (8th Cir.1983).

Because of the ALJ's failure to develop the record, this court has no choice but to remand this case to the district court with directions to remand to the Secretary for further proceedings consistent with this opinion.