**James S. McMORROW, Appellant,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Appellee.**

**No. 83–2530.**

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1984.

Decided July 17, 1984.

Richard C. Turner, U.S. Atty., Christopher D. Hagen, Asst. U.S. Atty., Des Moines, Iowa, for appellee.

James F. Elliott, Ottumwa, Iowa, for appellant.

Before HEANEY and FAGG, Circuit Judges, and COLLINSON,* Senior District Judge.

HEANEY, Circuit Judge.

James S. McMorrow was awarded disability benefits under the Social Security Act effective May 5, 1968. The finding of disability was based on medical evidence which established that McMorrow had frequent grand mal epileptic seizures, partially controlled by medication, and a serious back injury resulting in limitation of motion and pain. The administrative law judge, after an evidentiary hearing, found that the combination of impairments prevented McMorrow from engaging in any substantial gainful employment. His recommendation was ultimately accepted by the Secretary.

In 1981, McMorrow's file was reviewed by the agency in Iowa responsible for making initial determinations of disability. The administrative record was supplemented by a September 21, 1981 medical report from Dr. J.B. McConville. The state agency recommended that McMorrow's disability be ended as of that date. The Social Security Administration accepted that recommendation. Thereafter, McMorrow requested and was granted a hearing before an administrative law judge. The administrative law judge found, after a hearing, that McMorrow's disability ended as of September, 1981. The Appeals Council affirmed and the Secretary directed that disability payments cease as of the end of November, 1981.

McMorrow then commenced an action in the United States District Court for the District of Iowa. That court granted the Secretary's motion for summary judgment. We reverse and remand.

At the time the Secretary and the district court decided this case, we had not yet definitively determined whether a presumption of continuous disability exists in disability determination proceedings. In *Rush v. Secretary of Health & Human Services*, 738 F.2d 909 (8th Cir.1984), we decided that question. Judge Richard S. Arnold, speaking for the Court, stated:

[T]he Secretary may not terminate benefits merely upon a reappraisal of the prior evidence, [therefore] a rebuttable presumption of continuing disability is required. * * * [I]n a disability-termination proceeding, there is a presumption that a claimant who has previously been determined to be disabled remains disabled. * * * [T]he initial burden is on the Secretary to come forward with evidence which indicates that there is a legitimate reason to re-evaluate the claimant's right to receive benefits and which, if believed, would justify termination. The Secretary may meet this burden by showing that there was clear and specific error in the prior determination or by producing new evidence that the claimant's medical condition has improved, that the claimant has benefited from medical or vocational therapy or technology, or that the claimant's condition is not so disabling as originally supposed. (Citation and footnotes omitted.)

*Id.* at 915–16.

It is clear that neither the administrative law judge, the Secretary, nor the district court anticipated our holding in *Rush*. Our examination of the record convinces us that no clear and specific error was made in the initial disability determination, and that McMorrow has not benefited from vocational therapy or technology. There remains, however, the question as to whether McMorrow's physical condition has improved since he was initially determined to be disabled, or whether his condition is not as disabling as originally supposed. In *Rush*, we were able to answer these questions from the record. Here, we are not able to do so because the administrative record does not contain sufficient detailed evidence as to McMorrow's medical condition at the time of the finding of initial disability. We thus have no alternative but

* The Honorable William R. Collinson, United States Senior District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

to remand this matter to the district court with directions to that court to remand to the Secretary. The Secretary must be directed to reinstate McMorrow's disability benefits as of the date of her determination, or to thoroughly re-examine this matter in the light of *Rush*, and to reach a reasoned decision on the basis of the criteria set forth in that case.

In connection with the re-examination, careful consideration should be given to whether McMorrow's epileptic condition has improved over the years. The Listing of Impairments found in Appendix 1 to 20 C.F.R. Part 404 provides in section 11.02 that an individual who incurs major motor seizures, documented by EEG, and by detailed description of a typical seizure pattern, including all associated phenomena occurring more frequently than once a month, in spite of three months of prescribed treatment, with (a) "Diurnal episodes (loss of consciousness and convulsive seizures)" or (b) "Nocturnal episodes manifesting residuals which interfere significantly with activity during the day," is disabled. McMorrow testified that he has seizures more frequently than once a month, but it is not clear from the record whether these seizures are of the same severity as they were in 1981, or whether they occur as frequently. Moreover, it may be that the seizures are still sufficiently severe and frequent to require a finding of his disability even though his condition may have improved since 1981.

We find it necessary to discuss one final matter. The administrative law judge in discussing McMorrow's back problem stated:

> The claimant also alleges continuous back pain as a result of a fusion at L1–2 carried out in the late 1960s. Despite the claimant's complaints, the objective medical findings do not reveal a significant impairment of the claimant's back. X-rays do reveal evidence of his previous surgery and he has exhibited limited range of motion when examined. Nevertheless, there is no evidence to establish any associated neurologic deficits including impaired sensation, reflexes, or muscle strength. It is reasonable to conclude that the residuals of the claimant's previous surgery have limited him to light work activity with avoidance of heavy, strenuous physical labor. Although this finding is not consistent with the claimant's testimony concerning his residual functional capacity, it is supported by his daily activities which include fishing two times per week and doing repair work on guns. Furthermore, it is particularly supported by the medical evidence in the record which reveals minimal objective medical findings to establish an impairment of the claimant's back to the extent alleged. Although it is not disputed the claimant may experience some discomfort as a result of this condition, the evidence does not establish it is of disabling proportion.

These findings do not meet the requirements of this Court with respect to whether an individual is disabled from pain. *See Reinhart v. Secretary of Health & Human Services*, 733 F.2d 571 at 572–573 (8th Cir.1984); *Layton v. Heckler*, 726 F.2d 440, 442 (8th Cir.1984); *Brand v. Secretary of Health, Education and Welfare*, 623 F.2d 523, 525–527 (8th Cir.1980); *Northcutt v. Califano*, 581 F.2d 164, 166 (8th Cir.1978). Therefore, if it becomes necessary to remand to make a determination as to the extent to which McMorrow is currently disabled from pain, that finding should be made in accordance with the above cited decisions.

Reversed and remanded for action consistent with this opinion.