770 F.2d 747
 10 Soc.Sec.Rep.Ser. 404, Unempl.Ins.Rep. CCH 16,263
Deborah J. JENNINGS, Appellant,
v.
SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES of
the United States, Appellee.
 No. 84-1812.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 18, 1985.
Decided Aug. 27, 1985.
 
 Suzanne R. Reinhold, St. Louis, Mo., for appellant.
 Joseph Moore, Asst. U.S. Atty., St. Louis, Mo., for appellee.
 Before HEANEY and ROSS, Circuit Judges, and HARRIS,* Senior District Judge.
 HEANEY, Circuit Judge.
 
 
 1
 Deborah J. Jennings appeals from a district court order granting summary judgment to the Secretary of Health and Human Services (Secretary). That order affirmed the Secretary's decision to deny Jennings' application for social security disability benefits. The sole issue of merit[1] on appeal is whether the Secretary's decision denying disability is supported by substantial evidence. For the reasons set forth below, we reverse and remand for further proceedings.
 
 
 2
 Jennings is a thirty-seven-year-old woman with a high school education. She has worked in various jobs including office clerk, cashier, waitress, and housekeeper. Her employment history indicates that she has not held any job for more than several months, dating back to 1967, when she was discharged from the United States Navy, apparently for psychiatric reasons. The record also indicates that she suffers from asthma, a seizure disorder, and a nervous condition.
 
 
 3
 Jennings filed applications for social security disability benefits and supplemental security income on March 24, 1981, alleging that she has been disabled since September 15, 1979. The Secretary denied her claim; Jennings requested and received a hearing before an Administrative Law Judge (ALJ). On July 13, 1982, the ALJ also denied her claim, and the Appeals Council affirmed this decision. Jennings then filed suit in federal district court for the Eastern District of Missouri. After reviewing a magistrate's recommendation, the district court granted the Secretary's motion for summary judgment on April 26, 1984. Jennings then brought this appeal.[2]
 
 
 4
 Our task on review is to determine whether the Secretary's decision denying disability is supported by substantial evidence. 42 U.S.C. Sec. 405(g). Persons are considered disabled under the Social Security Act if they have an:
 
 
 5
 inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.
 
 
 6
 42 U.S.C. Sec. 423(d)(1)(A).
 
 
 7
 Under the Secretary's regulations, the disability determination process involves step-by-step consideration of any current work activity, the severity of the claimant's impairments, the claimant's residual functional capacity and age, education, and work experience. 20 C.F.R. Sec. 404.1520(a). The regulations also provide that if the claimant suffers an impairment which meets the duration requirement and is listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404, or is equal to a listed impairment, the claimant will be determined disabled without considering age, education, and work experience. Id. at Sec. 404.1520(d).
 
 
 8
 In denying benefits, the ALJ determined that Jennings suffers the medically determinable impairments of asthma, anxiety, and seizure disorder, but that her impairments are not disabling when considered alone or in combination. We conclude that the ALJ failed to develop the medical record adequately concerning Jennings' asthma. This Court has repeatedly held that it is the ALJ's duty to develop the record fully and fairly even if, as in this case, the claimant is represented by counsel. See, e.g., Brissette v. Heckler, 730 F.2d 548, 549 (8th Cir.1984); Warner v. Heckler, 722 F.2d 428, 431 (8th Cir.1983). In his decision, the ALJ noted Jennings' "extensive history of asthma attacks," but concluded that:
 
 
 9
 despite her history of these attacks, the pulmonary function studies shown for the claimant are within normal limits. Her chest has cleared after treatment. She has been an active individual despite having asthma. This impairment is not of such severity as to be disabling.
 
 
 10
 In dismissing Jennings' asthma as not disabling based on her normal pulmonary studies and response to treatment, the ALJ failed to address critical factors set forth in the Listing of Impairments in Appendix 1. The Secretary's listing for asthma provides that a claimant (meeting the duration requirements) will be considered disabled with:
 
 
 11
 Episodes of severe attacks (see 3.00 C), in spite of prescribed treatment, occurring at least once every 2 months, or on an average of at least 6 times a year and prolonged expiration with wheezing or rhonchi between attacks.
 
 
 12
 20 C.F.R. Part 404, Subpart P, Appendix 1, 3.03.B.
 
 
 13
 The Secretary's listing also provides that:
 
 
 14
 When a respiratory impairment is episodic in nature, as may occur in complications of bronchiectasis and asthmatic bronchitis, the frequency of severe episodes despite prescribed treatment is the criterion for determining the level of impairment. Documentation for episodic asthma should include the hospital or emergency room records indicating the dates of treatment, clinical findings on presentation, what treatment was given and for what period of time, and the clinical response. Severe attacks of episodic asthma, as listed in section 3.03B, are defined as prolonged episodes lasting at least several hours, requiring intensive treatment such as intravenous drug administration or inhalation therapy in a hospital or emergency room.
 
 
 15
 Id. at 3.00.C.
 
 
 16
 The ALJ's decision acknowledges that Jennings was hospitalized three times for asthma attacks in the six-month period between October, 1980, and March, 1981. The ALJ also noted that Exhibit 45 in the record contains a series of emergency department treatments for asthma attacks. Each of the hospitalizations between October, 1980 and March, 1981 were due to acute asthmatic reactions to allergens such as smoke, and involved two or three days of hospital treatment.
 
 
 17
 It thus appears from the record before us that while Jennings' medication relieves her asthma, and consequently she may have normal pulmonary studies, she is nonetheless vulnerable to acute asthma attacks when exposed to an allergen.[3] Thus, a normal pulmonary study cannot serve as the basis for a conclusion that her asthma is not disabling. Based on the record before us, we think it is likely that Jennings' asthma condition meets or equals the criteria in the Listing of Impairments. The ALJ erred in failing even to consider these criteria or to develop the record on this point. We conclude that a remand is necessary for a further hearing on the severity and frequency of Jennings' asthma attacks, including the nature of treatment required and the existence of wheezing or rhonchi between attacks.
 
 
 18
 The ALJ also concluded that Jennings' other impairments, seizure disorder and anxiety, are not severe enough to be disabling. We conclude that there is substantial evidence in the record to support this decision. Nevertheless, while her grand mal seizure and schizophrenic or psychotic behavior seem to have subsided, Jennings' mild seizures and anxiety continue. Accordingly, we direct the ALJ on remand to allow Jennings to present additional evidence concerning these impairments, especially concerning their disabling nature in combination with her asthma.
 
 
 19
 For these reasons, this case is reversed and remanded to the district court with directions to it to remand to the Secretary for further proceedings consistent with this opinion. Jennings' request for attorney's fees is thus deferred pending the final outcome of the case.
 
 
 
 *
 The Honorable Oren Harris, Senior United States District Judge for the Western District of Arkansas, sitting by designation
 
 
 [1]
 Jennings also argues that the district court erred in disposing of the case on summary judgment. This argument is without merit. See 42 U.S.C. Sec. 405(g)
 
 
 [2]
 This appeal was submitted to the Court on January 18, 1985, but is disposition has been delayed by the submission of illegible medical records by the Secretary. Legible records were later furnished to the Court
 
 
 [3]
 The medical record indicates that Jennings is allergic to smoke, animals, ragweed, birds, and cheese