Rosa Lee BROWN, Appellant,

v.

Margaret M. HECKLER, Secretary of
Health and Human Services of the
United States, Appellee.

No. 85–1736.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 12, 1986.

Decided March 25, 1986.

Linda S. Pettit, Des Moines, Iowa, for appellant.

John Beamer, Asst. U.S. Atty., Des Moines, Iowa, for appellee.

Before HEANEY and BOWMAN, Circuit Judges, and HANSON,[*] Senior District Judge.

HEANEY, Circuit Judge.

Rosa Lee Brown appeals from a district court decision affirming the Secretary of Health and Human Services's denial of disability insurance benefits and supplemental security income benefits. For the reasons set forth below, we reverse and remand.

## BACKGROUND

Brown is a sixty-two-year-old woman with two years of college training. Her past relevant work was primarily clerical in nature. On May 21, 1982, she applied for disability insurance benefits and supplemental security income benefits under 42 U.S.C. §§ 416(i) and 1381a, respectively, complaining of heart and back problems, blackout spells, neck pains, muscle spasms, general body pain, and dizziness. She attributes many of her physical problems to automobile accidents in 1978, 1979, and 1980. Brown's daily activities consist primarily of watching television while sitting or lying down. She does not cook, do housework, shop, or engage in social activities. Her pain is aggravated by sitting for more than five minutes, and her abilities to stand and walk are severely limited. She takes Motrin, Valium, and Dalmane daily.[1] The Social Security Administration denied her application both initially and on reconsideration. On May 18, 1984, a hearing was held before an administrative law

---

[*] The Honorable William C. Hanson, United States Senior District Judge for the United States District Court for the Southern District of Iowa, sitting by designation.

1. Motrin is an anti-inflammatory agent which is used to treat rheumatoid arthritis and osteoarthritis because it reduces joint swelling and

pain. *Physician's Desk Reference* 1959 (36th ed. 1982). Valium is used to manage anxiety disorders as well as to relieve skeletal muscle spasms caused by injury. *Id.* at 1625. Dalmane is a hypnotic agent used in treating insomnia. *Id.* at 1587–88.

judge (ALJ), who affirmed the denial. He found that although there was evidence of "early degenerative arthritis in the cervical spine and lumbar spine, early chronic obstructive pulmonary disease, and possible psychophysiological musculoskeletal reaction," Brown had not met the severity requirement of the second step of the sequential evaluation process,[2] and was therefore not disabled. The ALJ's determination became the Secretary's final decision when the Appeals Council denied review. On April 5, 1985, the district court affirmed the Secretary's decision.

On appeal, Brown argues that step two of the sequential evaluation process, as applied by the Secretary, contravenes the Social Security Act (Act). She also states that a remand would be necessary even if step two were valid, since the Secretary's determination of no disability was not supported by substantial evidence. For the reasons discussed below, we reverse and remand.

## DISCUSSION

Brown questions the validity of the second step of the sequential evaluation process. This regulation requires a finding of "not disabled" if the claimant does not have severe impairments, regardless of the claimant's age, education, or work experience. Brown argues that this regulation contravenes the Social Security Act, which requires a consideration of these vocational factors when determining disability. The Secretary argues that the regulation is consistent with the Act.

The Circuits are divided on this question. Three Circuits[3] have accepted Brown's argument and have invalidated the provision. *See Hansen v. Heckler*, 783 F.2d 170 (10th Cir.1986); *Baeder v. Heckler*, 768 F.2d 547, 553 (3d Cir.1985); *Yuckert v. Heckler*, 774 F.2d 1365, 1370 (9th Cir.1985). These Circuits have reasoned that the provision on its face conflicts with the Act. They point out that while the provision explicitly requires the Secretary to disregard the claimant's age, education, and work experience, the Act expressly requires those factors to be taken into account when determining disability.[4] *See Hansen*, 783 F.2d 170, 174; *Baeder*, 768 F.2d at 551; *Yuckert*, 774 F.2d

2. 20 C.F.R. §§ 404.1520 and 416.920, virtually identical provisions, outline the five-step sequential evaluation process used by the Secretary in determining disability for purposes of disability income benefits and supplemental security income benefits. They provide:

(b) *If you are working.* If you are working and the work you are doing is substantial gainful activity, we will find that you are not disabled regardless of your medical condition or your age, education, and work experience.

(c) *You must have a severe impairment.* If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience. However, it is possible for you to have a period of disability for a time in the past even though you do not have a severe impairment.

(d) *When your impairment(s) meets or equals a listed impairment in Appendix I.* If you have an impairment(s) which meets the duration requirement and is listed in Appendix 1 or is equal to a listed impairment(s), we will find you disabled without considering your age, education, and work experience.

(e) *Your impairment(s) must prevent you from doing past relevant work.* If we cannot make a decision based on your current work activity or on medical facts alone, and you have a severe impairment(s), we then review your residual functional capacity and the physical and mental demands of the work you have done in the past. If you can still do this kind of work, we will find that you are not disabled.

(f) *Your impairment(s) must prevent you from doing any other work.* (1) If you cannot do any work you have done in the past because you have a severe impairment(s) we will consider your residual functional capacity and your age, education, and past work experience to see if you can do other work. If you cannot, we will find you disabled.

3. The Seventh Circuit has held that the second step is invalid, at least insofar as the Secretary applies it to deny benefits to claimants who are unable to perform their previous work. *See Bunch v. Heckler*, 778 F.2d 396, 398–99 n. 4 (7th Cir.1985); *Johnson v. Heckler*, 769 F.2d 1202 (7th Cir.1985).

4. 42 U.S.C. § 423(d)(2)(A) provides that

an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his

at 1368. The five other Circuits that have considered the question have refused to invalidate the second step, but have interpreted it as a de minimis, threshold requirement. *See e.g., Stone v. Heckler,* 752 F.2d 1099, 1101 (5th Cir.1985); *Salmi v. Secretary of Health and Human Services,* 774 F.2d 685, 691 (6th Cir.1985); *Evans v. Heckler,* 734 F.2d 1012, 1014 (4th Cir.1984); *Brady v. Heckler,* 724 F.2d 914, 920 (11th Cir.1984); *Chico v. Schweiker,* 710 F.2d 947, 954–55 n. 10 (2d Cir.1983). Under the de minimis approach, "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady,* 724 F.2d at 920 (quoting Appeals Council Review of Sequential Evaluation Under Expanded Vocational Regulations (1980)).

Regardless of whether we invalidate the second step or accept it as a de minimis requirement, a remand would be necessary; the record clearly shows that Brown's impairments, at the very least, would meet a de minimis requirement. Even though we could avoid this question, its importance and recurring nature convince us that its prompt settlement is appropriate.

We believe that those Circuits which have invalidated the provision have the stronger argument. Although the second step might be consistent with the Act if the Secretary applied it "as a preliminary

screening device to deny a claimant with impairments so minimal that they could under no circumstances have a serious impact on the ability to work," *Hansen,* 783 F.2d 170, 174, the Secretary has not done so. *See Baeder,* 768 F.2d at 552 ("a full forty percent of disability applicants are denied benefits without any evaluation of their age, education or past relevant work experience"); *Hansen,* 783 F.2d 170, 175–76. The facts in this case illustrate the manner in which the Secretary actually applies the severity standard. The Secretary found that Brown did not have a severe impairment for the purposes of the second step, despite her finding that Brown suffers from early degenerative arthritis, early chronic obstructive pulmonary disease, and psychophysiological impairments. Therefore, the only practical way to ensure that the Secretary follows the requirements of the Act is to invalidate the second step.[5]

In view of the fact that this case must be remanded for a consideration of Brown's ability to work in light of her vocational characteristics as well as her impairments, we make the following additional observations. The Secretary has a duty to develop a full and fair record, regardless of whether or not the claimant is represented by counsel. *See e.g., Brissette v. Heckler,* 730 F.2d 548, 549 (8th Cir.1984). In this case, a complete record would fully discuss Brown's work history, the relationship between her automobile accidents and her

---

age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy * * *.

**5.** The Tenth Circuit's arguments on this point were particularly persuasive:

We must therefore consider how best to remedy the Secretary's apparent continuing intent to apply the step two severity regulation in a manner that conflicts with the Act and the controlling case law. We decline to follow those courts which have construed the regulation to embody a de minimis standard and have reversed and remanded disability determinations which do not clearly accept and apply this construction. Unfortunately, the Secretary has a history of disregarding those controlling court rulings with which she disagrees. [The Secretary displays an] intent to

pay mere lip service to the de minimis standard, thus forcing a claimant to pursue a judicial appeal to obtain a disability determination properly made under the applicable law. We believe this imposes an unnecessary hardship on claimants, wastes judicial resources, and works a serious injustice on those whose legitimate claims to disability benefits are improperly denied administratively and who do not appeal.

*Hansen,* 783 F.2d 170, 176 (citations omitted).

We additionally note that interpreting the second step as a de minimis requirement arguably renders it worthless, as it would be hard to conceive of an impairment which is so slight that it would not affect a claimant's ability to work under any circumstances.

impairments, and her physical disabilities, particularly her blackouts. The Secretary should also develop the record in regard to the medical opinion of Dr. Bery Engebretsen, Brown's treating physician, as required by *Brissette,* 730 F.2d at 550, and *Lewis v. Schweiker,* 720 F.2d 487, 489 (8th Cir.1983). The need for this is apparent: although Engebretsen reported that Brown had "severe degenerative arthritis" and "chronic obstructive pulmonary disease," the Secretary found that Brown had no severe impairments. On remand, the Secretary should also give careful consideration to Brown's subjective complaints. *See e.g., Polaski v. Heckler,* 751 F.2d 943, 948 (8th Cir.1984); *Layton v. Heckler,* 726 F.2d 440, 442 (8th Cir.1984); *Ragsdale v. Secretary, Department of Health, Education and Welfare,* 623 F.2d 528, 530 (8th Cir. 1980). Before the Secretary may disregard Brown's subjective evidence, she must make express credibility findings. *See Basinger v. Heckler,* 725 F.2d 1166, 1170 (8th Cir.1984). Finally, the Secretary should consider the disabling effect of any psychophysiological impairments that Brown may have.[6] *See Klug v. Weinberger,* 514 F.2d 423 (8th Cir.1975).

In summary, we hold that the second step of the sequential evaluation process is invalid and remand to the Secretary to reconsider her disability determination in accord with this opinion and in light of Brown's age, education, work experience, and physical and mental impairments.

BOWMAN, Circuit Judge, concurring in part and dissenting in part.

I agree that the Secretary has not developed a full and fair record in this case, and therefore, for the particular reasons set forth by the Court, *ante* at 872, I join in the decision remanding the case to the Secretary for reconsideration. I see no reason, however, to hold the second step of the sequential evaluation process invalid. All

the second step really says is that if the claimant's impairments do not significantly limit his or her ability to do basic work activities, then the claimant is not disabled. I do not read this as being merely a de minimis requirement, nor do I believe it is in conflict with the Social Security Act. Rather, I see it as being entirely consistent with the purpose of the Act, which is to compensate persons who cannot work, while denying the benefits of the Act to claimants who can. The statutory factors of age, education, and past work experience are appropriately taken into account, it seems to me, in the fifth step of the sequential evaluation process, which comes into play once the Secretary has determined that because of physical or mental problems the claimant cannot do any of the work he or she has done in the past. Indeed, if we invalidate the second step, then logically we also should invalidate the third step, *see ante* at 2–3 n. 2 (subsection (c)), which like the second excludes consideration of the statutory factors of age, education, and work experience.

The problem in this case, as I see it, is not the sequential analysis, but the Secretary's failure to develop an adequate record and to consider all the evidence that should be considered if a proper step two determination of whether the claimant has a severe impairment is to be made. Accordingly, I concur in the decision to remand this case, but I respectfully dissent from the Court's holding that the second step of the sequential evaluation process is invalid under the Social Security Act.

---

**6.** Psychophysiological impairments may themselves render a claimant disabled under the Social Security Act, which defines "disability" in terms of mental, as well as physical, impairments. *See e.g.,* 42 U.S.C. § 423(d)(1); 20 C.F.R.

§ 404.1520. Such an impairment, if sufficiently severe, may entitle a claimant to a finding of disabled without consideration of vocational factors. *See* 20 C.F.R. Part 404, Subpart P, App. 1, § 12.04.