Rosa Lee BROWN, Appellant,

v.

Otis R. BOWEN, M.D.,* Secretary of
Health and Human Services,
Appellee.

No. 85–1736.

United States Court of Appeals,
Eighth Circuit.

Submitted June 15, 1987.

Decided Aug. 21, 1987.

Linda S. Pettit, Des Moines, Iowa, for appellant.

John Beamer, Asst. U.S. Atty., Des Moines, Iowa, for appellee.

Before HEANEY and BOWMAN, Circuit Judges, and HANSON,** Senior District Judge.

HEANEY, Circuit Judge.

On March 25, 1986, this court held in *Brown v. Heckler,* 786 F.2d 870 (8th Cir. 1986), with Judge Bowman dissenting, that the second step of the sequential evaluation process used in social security cases by the Secretary of Health and Human Services (Secretary) was invalid. We reasoned that the second step of the sequential evaluation process was invalid because it conflicted with the language of 42 U.S.C. § 423(d)(2)(A). *Id.* at 871–72. We therefore required the Secretary, on remand, to reconsider Rosa Lee Brown's claim for disability and supplemental social security benefits.

Thereafter, the Secretary filed a petition for rehearing en banc. The petition was granted but rehearing was stayed pending a decision of the United States Supreme Court in *Bowen v. Yuckert.* On June 8, 1987, the Supreme Court held that the second step of the sequential evaluation process was not per se invalid. *See Bowen v.*

---

* Otis R. Bowen, M.D., is substituted for Margaret M. Heckler as current Secretary of Health and Human Services.

** The HONORABLE WILLIAM C. HANSON, Senior United States District Judge for the United States District Court for the Southern District of Iowa, sitting by designation.

*Yuckert*, —— U.S. ——, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). In regard to the application of that standard, however, a majority of the Court adopted a standard [1] which provides that "[o]nly those claimants with slight abnormalities that do not significantly limit any 'basic work activity' can be denied benefits without undertaking" the subsequent steps of the sequential evaluation process. *Id.*, —— U.S. at ——, 107 S.Ct. at 2298 (citations omitted).

In light of this decision of the Supreme Court, we withdraw our earlier opinion in *Brown v. Heckler*, 786 F.2d at 870, and remand to the district court with directions to it to remand to the Secretary to determine whether Brown's impairments are sufficiently severe to satisfy the standard set forth in the preceding paragraph. If the Secretary decides that they are sufficiently severe to meet this requirement, the Secretary must determine whether in light of her age, education, work experience, and physical and mental impairments, Brown is disabled.

We repeat what we stated in our first opinion with respect to the Secretary's obligation on remand:

> The Secretary has a duty to develop a full and fair record, regardless of whether * * * the claimant is represented by counsel. *See, e.g., Brissette v. Heckler*, 730 F.2d 548, 549 (8th Cir.1984). * * * The Secretary should also develop the record in regard to the medical opinion of Dr. Bery Engebretsen, Brown's treating physician, as required by *Brissette*, 730 F.2d at 550, and *Lewis v. Schweiker*, 720 F.2d 487, 489 (8th Cir.1983). The need for this is apparent: although Engebretsen reported that Brown had "severe degenerative arthritis" and "chronic obstructive pulmonary disease," the Secretary found that Brown had no severe impairments. On remand, the Secretary should also give careful consideration to

Brown's subjective complaints. *See, e.g., Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir.1984) [*vacated and remanded*, —— U.S. ——, 106 S.Ct. 2885, 90 L.Ed.2d 974 (1986), *reinstated*, 804 F.2d 456 (8th Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 3211, 96 L.Ed.2d 698 (1987) ]; *Layton v. Heckler*, 726 F.2d 440, 442 (8th Cir.1984); *Ragsdale v. Secretary, Department of Health, Education and Welfare*, 623 F.2d 528, 530 (8th Cir.1980). Before the Secretary may disregard Brown's subjective evidence, she must make express credibility findings.

> must make express credibility findings. *See Basinger v. Heckler*, 725 F.2d 1166, 1170 (8th Cir.1984). Finally, the Secretary should consider the disabling effect of any psychophysiological impairments that Brown may have. [Footnote 6: Psychophysiological impairments may themselves render a claimant disabled under the Social Security Act, which defines "disability" in terms of mental, as well as physical, impairments. *See, e.g.*, 42 U.S.C. § 423(d)(1); 20 C.F.R. § 404.1520. Such an impairment, if sufficiently severe, may entitle a claimant to a finding of disabled without consideration of vocational factors. *See* 20 C.F.R. Part 404, Subpart P, App. 1, § 12.04.] *See Klug v. Weinberger*, 514 F.2d 423 (8th Cir.1975).

*Id.* at 872–73.

Reversed and remanded for action consistent with this opinion.

---