982 F.2d 525
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Jacqueline HOUSTON, Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services, Appellee.
 No. 92-2177.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 23, 1992.
Filed: December 31, 1992.
 
 Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jacqueline Houston appeals the judgment of the district court[1] upholding the Secretary's decision to deny her disability insurance benefits and supplemental security income. Houston is a sixty-year-old woman who alleges she became disabled in 1989 and was forced to give up her job as a bus driver due to arthritis in her hands and legs, severe degenerative joint disease, osteoarthritis, and back problems. We conclude the Secretary's decision was supported by substantial evidence and affirm. See Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992).
 
 
 2
 Houston argues that the Administrative Law Judge (ALJ) substituted his opinion for that of her treating physician, Dr. Knight, and that no evidence in the record contradicts her sworn testimony. The claimant has the initial burden to show that she is unable to engage in her past relevant work. Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986) (per curiam). The ALJ had substantial evidence from which to conclude that Houston has not met that burden. The ALJ considered both Houston's subjective complaints of pain and the greater weight to be given Dr. Knight's opinion. He also correctly considered, however, the lack of objective medical support for Dr. Knight's opinion, Dr. Knight's specialty in cardiovascular surgery, and the contradicting opinion of a consulting orthopedic surgeon. Moreover, in considering Houston's complaints of pain, the ALJ considered her testimony, corroborated by Dr. Knight's notes, that the medication was helping her condition, and her activities of driving without apparent difficulty, doing light housework, carrying small grocery sacks and visiting outside her home three times per week. While the ALJ had a duty to develop the record fully and fairly, even when the claimant was represented by counsel, see Brown v. Bowen, 827 F.2d 311, 312 (8th Cir. 1987), we find no support for Houston's argument that the ALJ became an advocate against her. We note that Houston was represented by counsel at her hearing, and that the ALJ only asked Houston one clarifying question. The length of the hearing does not appear to have adversely impacted Houston's ability to plead her case, and the scheduling of prehearing meetings are a matter between Houston and her attorney.
 
 
 3
 Houston further argues that great weight should be given to her employer's decision to place her on medical disability, and that no future employer would hire someone with her impairments. There is no evidence in the record to support Houston's assertion that her employer placed her on medical disability. Furthermore, the issue is not whether Houston can get a job, but whether she can perform one. See Glassman v. Sullivan, 901 F.2d 1472, 1474 (8th Cir. 1990).
 
 
 4
 As to the new evidence submitted by Houston, we conclude that the Appeals Council and the district court correctly determined that the more recent progress reports from Dr. Knight did not have a significant impact. Houston did not present the additional three letters from Dr. Knight until this appeal. Two of the letters were identically worded, and concluded, without support, that Houston was unable to perform the duties of any occupation. Conclusory letters from a treating physician diagnosing a patient as disabled without supporting medical evidence will not overcome an ALJ's decision based on substantial medical evidence. See Browning, 958 F.2d at 823. Although a case may be remanded if the claimant shows that there is new material evidence and also good cause for the claimant's failure to incorporate such evidence into the record at prior proceedings, see 42 U.S.C. § 405(g); Phelan v. Bowen, 846 F.2d 478, 481 (8th Cir. 1988) (per curiam), Dr. Knight's third letter, written almost ten months before the magistrate judge's report, is not material. It provides further evidence of Houston's condition, but even if she had presented the letter to the ALJ, we do not believe he would have altered his decision.
 
 
 5
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri, adopting the report and recommendations of the Honorable Catherine D. Perry, United States Magistrate Judge for the Eastern District of Missouri