Marilyn **HEADLEE**, Plaintiff,

v.

Margaret M. **HECKLER**, Secretary of Health and Human Services, Defendant.

Civ. A. No. 85–F–1762.

United States District Court, D. Colorado.

April 27, 1987.

---

Brian Patrick Lawlor, Colorado Rural Legal Services, Inc., Denver, Colo., for plaintiff.

Chalk Mitchell, Asst. U.S. Atty., Denver, Colo., for defendant.

## OPINION

SHERMAN G. FINESILVER, Chief Judge.

Plaintiff appeals the findings of the Social Security Administration Appeals Council denying her claim for widow's disability benefits. For the following reasons, the Court concludes the plaintiff's claims have merit. Accordingly, the decision of the Appeals Council is REVERSED.

## PROCEDURAL BACKGROUND

Plaintiff Marilyn Headlee (Headlee) filed her application for widow's disability benefits on November 18, 1983, pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 402(e) and 423(d)(2)(B). The claim for widow's disability benefits was initially denied on March 1, 1984. On September 11, 1984, plaintiff's claim was again denied upon reconsideration.

Plaintiff then filed a timely appeal for review before the administrative law judge (ALJ) who rendered a hearing decision on March 12, 1985, again denying her claim for widow's disability benefits. Subsequently, the Appeals Council on May 24, 1985, denied her request for further review of her claim. On July 19, 1985, pursuant to 42 U.S.C. § 405(g), plaintiff filed with this Court her complaint for judicial review of the Secretary's action denying her claim for benefits.

On October 23, 1985, this Court entered an order granting the Secretary's motion to remand this case for further administrative consideration pursuant to recently promulgated "mental impairment" regulations. Pursuant to the remand, a second hearing was held before the ALJ. On April 9, 1986, the ALJ recommended a finding that plaintiff was under a "disability" as defined under the widow's disability benefits program, with an onset date of June 11, 1982.

On July 2, 1986, the Appeals Council rendered a decision rejecting the ALJ's recommended decision, and finding plaintiff was not disabled and was not entitled to receive benefits. On July 14, 1986, the Appeals Council issued a supplemental determination confirming its earlier decision denying benefits to plaintiff.

■ The Secretary notified the Court on July 24, 1986 of the final agency action and the fact that plaintiff's residence is now in the state of Kansas. The parties, however, proceeded to file their memoranda regarding an award for widow's benefits in this proceeding. Accordingly, the Court will DENY the Secretary's motion to transfer venue.

## ANALYSIS

At issue in this appeal is plaintiff's eligibility for widow's disability benefits for the period from the date of the alleged onset of disability until February 25, 1985, when Mrs. Headlee reached 60 years of age. At age 60, Mrs. Headlee became eligible for widow's benefits without regard to whether she was disabled. See 42 U.S.C. § 402(e)(1); 20 C.F.R. § 404.335(c). The dispositive question is whether plaintiff was under a "disability" as defined in 42 U.S.C. § 423(d) and the regulations promulgated thereunder.

Under Title II of the Social Security Act, the criteria governing the award of disability benefits to a widow are more restrictive than the standards applied to a wage earner. A wage earner need only show an impairment that prevents substantial gainful activity. 42 U.S.C. § 423(d)(2); *Hansen v. Heckler*, 783 F.2d 170, 172 (10th Cir. 1986). Substantial gainful activity may be established by considering such non-medical factors as age, education, and work experience. *Id.* A widow is disabled for purposes of the Social Security Act if she is unable to perform any gainful activity, based on medical factors alone. *Id.*

A widow will be considered disabled if 1) her impairment is found in the Listing of Impairments in Appendix 1 of 20 C.F.R. Part 404, or 2) if her condition is the medical equivalent of a listed impairment. 20 C.F.R. § 404.1578(a). If the widow has multiple impairments, the Secretary must consider the combined effect of all impairments, rather than the mere individual effect. 42 U.S.C. § 423(d)(2)(C).

█ In determining that plaintiff was not entitled to receive widow's disability benefits, the Appeals Council stated:

With respect to claimant's mental impairment, the Administrative Law Judge found, in the recommended decision of April 9, 1986, that that impairment meets the requirements of section 12.07 of Appendix 1. However, section 12.07 describes a somatoform disorder and the record contains no evidence that the claimant has such an impairment. Because of the apparent discrepancy between the Administrative Law Judge's finding and the pertinent medical evidence, the Appeals Council obtained an opinion from John A. Opal, M.D., a physician designated by the Secretary, as to whether the claimant has any mental impairment that either meets or equals in severity a listed impairment. Dr. Opal reviewed the evidence of record and opined that the claimant has no mental impairment that either meets or equals a listing (exhibit AC–3). The pertinent medical evidence establishes that the claimant's mental impairment has resulted in only "some possible" decreased concentration, intermittent depression, and anxiety, possibly related to financial difficulties. Such clinical findings are not as severe as those described in sections 12.06 and 12.07 of Appendix 1. Therefore, the Appeals Council concurs with Dr. Opal's opinion. The claimant's mental impairment is not the medical equivalent of any listed impairment.

Upon receiving the decision of the Appeals Council, plaintiff objected on the grounds that 1) Dr. Opal's opinion should be entitled to less weight than plaintiff's treating physicians, and 2) Dr. Opal did not respond to the ALJ's findings that the plaintiff had a somatoform disorder. The Appeals Council responded by letter of July 14, 1986 that 1) Dr. Opal's opinion was entitled to "greater weight" than plaintiff's other physicians, and 2) Dr. Opal, as a physician designated by the Secretary, is not required to address an ALJ's finding.

This court is bound by the Secretary's findings of fact if they are supported by substantial evidence. *Byron v. Heckler*, 742 F.2d 1232, 1234 (10th Cir.1984). However, this limited scope of review does not apply to questions of law. The failure to apply the correct legal standard is grounds for reversal. *Byron*, 742 F.2d at 1235. The Court finds that the Appeals Council applied an incorrect legal standard, and that their findings of fact are not supported by substantial evidence.

Plaintiff argues that the Appeals Council improperly relied upon the conclusions of Dr. Opal, a physician hired by the Secre-

tary to conduct a "paper review" of plaintiff's symptoms. Plaintiff argues that the Appeals Council should have given greater weight to the testimony of her treating physicians.

The Tenth Circuit has repeatedly stated that greater weight must be given to the opinions of a physician or medical advisor who has personally examined the claimant:

> The general rule is that "the written reports of medical advisors who have not personally examined the claimant 'deserve little weight in the overall evaluation of disability. The advisers' assessment of what other doctors find is hardly a basis for competent evaluation without a personal examination of the claimant.'" [citations omitted]. When the treating physician's opinion is supported by medical evidence and is not unacceptably brief and conclusory, it "is entitled to more weight on the question of disability than the opinion of a physician who has reviewed the medical evidence, but has never examined the patient." [citations omitted].

*Allison v. Heckler,* 711 F.2d 145, 147–48 (10th Cir.1983). *Accord Turner v. Heckler,* 754 F.2d 326, 329–30 (10th Cir.1985). A treating physician's opinion is also entitled to greater weight than that of a physician employed and paid by the government to defend against a disability claim. *Broadbent v. Harris,* 698 F.2d 407, 412 (10th Cir.1983); *Turner,* 754 F.2d at 329–30.

Dr. Norman Haug was plaintiff's treating physician from January 1982 until her move to Kansas in late 1985. (Tr. 207). Dr. Haug's report of December 31, 1984 details plaintiff's medical condition. Dr. Haug outlines plaintiff's problems regarding low back pain, hypertension and anxiety, and osteoarthritis. Dr. Haug concludes:

> Because of her ongoing low back pain which is as indicated above probably related to a chronic low back sprain and/or strain and also perhaps somewhat to osteoarthritis and a disc problem and because of her ongoing anxiety, I think that Mrs. Marilyn Headlee is unable to work in any regular, consistent, function-

al manner in the type of work that she usually does (which is reporting news), and also that she is unable to work in any kind of work requiring manual activity or periods of extended sitting, standing or walking.

The medical records contain extensive clinical documentation upon which Dr. Haug bases his conclusions. (Tr. 168–80); (Tr. 181–86); (Tr. 189–92).

In July 1984, a psychological consultation examination was prepared at the request of the Social Security Administration (SSA) by Bernie Faye, M.S., under the supervision of Dr. Barry Craft, a board-certified psychiatrist. (Tr. 193–98). Mr. Faye concluded that plaintiff suffered from an adjustment disorder with mixed emotional features. He noted that plaintiff's memory deficits were not consistently low, but that she did have concentration difficulties.

On August 27, 1984, Dr. Lee Stelzer, an orthopedic specialist, conducted a consultative examination at the request of the SSA. Dr. Stelzer concluded that she had severe "degenerative disc L5 S1 moderate degenerative disc at the L–4, 5 area, no signs of sciatica". (Tr. 199–200).

An additional consultative psychological evaluation was conducted in March, 1986, by James Didlo, Ed.D. (Tr. 226–31). Dr. Didlo concluded his extensive evaluation by stating:

> ... this claimant appears to demonstrate some somatization in the form of concerns over physical functioning and physical symptoms which may include things such as headaches, backache, gastrointestinal problems and others.

The ALJ considered the reports of the various doctors, and the plaintiff's demeanor and testimony at the hearing. The ALJ found that plaintiff had a severe somatic disorder since June 11, 1982 and was entitled to widow's disability benefits from that date. The somatic disorder met the level of severity required by 20 C.F.R. Part 404, Subpart P, Appendix 1, Section 12.07.

The Appeals Council found that "[Dr. Opal's] judgment is, in the Appeals Council's opinion, consistent with the evidence and therefore is entitled to greater weight

than that of either Mr. Didlo or Mr. Faye". *Appeals Council's ruling of July 14, 1986.* This conclusion resulted even though Dr. Opal had not examined the plaintiff. Dr. Opal conducted only a "paper review", and reviewed the various reports prepared by the other doctors. The Appeals Council cited 20 C.F.R. § 404.1526(b) as support for their conclusion that greater weight must be accorded Dr. Opal's report. 20 C.F.R. § 404.1526(b) provides that the opinion of a physician designated by the Secretary shall be considered in deciding whether an individual's impairment is the medical equivalent of a listed impairment.

The Appeals Council erroneously concluded that Dr. Opal's opinion was entitled to greater weight. The plain meaning of the regulation is that the physician's opinion is a *factor* in the determination, not the sole basis for a conclusion. *Johnson v. Heckler,* 607 F.Supp. 1390, 1395 n. 3 (N.D. Cal.1985). Therefore, an incorrect legal standard was applied, requiring reversal of the decision of the Appeals Council.

■ Further, the Secretary failed to make a determination, in accordance with 42 U.S.C. § 423(d), as to whether plaintiff was capable of doing "any gainful activity". Plaintiff's examining physicians agreed that her various problems would interfere with any work. Dr. Haug's report stated extreme limitations as to the type of work she could do. Even Dr. Opal, relied upon by the Appeals Council, stated that "the claimant would have the residual functional capacity to engage in work involving simple, repetitive tasks in a stress-free type of environment." (Tr. 26). Dr. Opal's report was limited to a psychiatric examination only; he did not consider any physical problems plaintiff might have. (Tr. 24). The failure to consider whether plaintiff could engage in "any gainful activity" is reversible error. A court must evaluate a claimant's capacity to work, and may not make a determination only that the claimant does not meet the list of impairments. *Paris v. Schweiker,* 674 F.2d 707 (8th Cir.1982). *Boyd v. Secretary of Health and Human Services,* 626 F.Supp. 1252 (W.D.N.Y.1986). There is no evidence in the record that plaintiff was capable of performing gainful activity of any kind during the relevant time periods.

■ Finally, the finding of the Appeals Council that plaintiff's physical and mental impairments do not meet or equal the listing of impairments is not supported by substantial evidence. The Secretary misstates the record by stating that there is "no evidence" of plaintiff's somatic problems or restrictions in her daily living. As previously discussed, the record is replete with evidence of plaintiff's somatic problems, restrictions in her daily living, and difficulties in her ability to concentrate. The Secretary made no explanation for reversing the ALJ's recommendations. Thus, the findings of the Appeals Council are not supported by substantial evidence.

Accordingly, the Secretary's decision is REVERSED. The plaintiff was disabled with an onset date of June 11, 1982. This matter is REMANDED to the Secretary for the calculation of benefits.