936 F.2d 583
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Peggy J. O'DONNELL, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 90-5183.
 United States Court of Appeals, Tenth Circuit.
 June 10, 1991.
 
 Before McKAY, SETH and SEYMOUR, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant Peggy J. O'Donnell appeals from the district court's judgment affirming the Secretary of Health and Human Services' denial of her application for disability insurance benefits and supplemental security income benefits. Claimant's initial application for benefits was denied. Because a transcript of the initial hearing could not be prepared, the Appeals Council remanded the case. Following a second de novo hearing, the Administrative Law Judge (ALJ) denied claimant's application; the Appeals Council affirmed that decision. The district court remanded the case back to the Secretary and the Appeals Council remanded it back to the ALJ, consistent with the ruling in Hansen v. Heckler, 783 F.2d 170 (10th Cir.1986). A third hearing was held, after which the ALJ again denied claimant's application. The Appeals Council adopted the ALJ's findings and conclusion. After a hearing in district court, the United States magistrate judge issued his findings and recommendation that claimant be denied benefits, on February 6, 1990. The district court adopted the magistrate judge's findings and recommendation, denying claimant's application for benefits on June 22, 1990.
 
 
 3
 The Appeals Council's adoption of the ALJ's decision represents the Secretary's final decision for appeal purposes. Williams v. Bowen, 844 F.2d 748, 749 (10th Cir.1988). Judicial review of the Secretary's determination is limited; the court's only function is to determine whether the record as a whole contains substantial evidence to support the Secretary's decision. Id. at 750. The Secretary's findings stand if they are supported by " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir.1983) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).
 
 
 4
 On appeal, claimant contends that 1) the ALJ's conclusion that she could perform her past relevant work was not supported by substantial evidence, 2) the ALJ improperly concluded that claimant's testimony was not credible, and 3) the ALJ failed to give the proper weight to her treating physicians' opinions.
 
 
 5
 Based on our careful review of the entire appellate record and the parties' briefs, we conclude that substantial evidence supports the Secretary's finding that claimant was not disabled. Therefore, for substantially the same reasons contained in the findings and recommendations of United States magistrate judge, dated February 6, 1990, as adopted by the district court, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3