5 F.3d 547
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joyce M. TREADWAY, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 92-7136.
 United States Court of Appeals, Tenth Circuit.
 Aug. 27, 1993.
 
 1
 Before LOGAN and BRORBY, Circuit Judges, and BRIMMER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Claimant Joyce M. Treadway appeals the district court's order affirming the decision of the Secretary of Health and Human Services, denying claimant's application for disability and disability insurance benefits under the Social Security Act. This case has a long and involved procedural history. Claimant first filed for benefits on May 10, 1983, alleging disability commencing June 15, 1976. Her application was denied initially and upon reconsideration. Since that time, claimant has had four separate hearings before various administrative law judges (ALJs), resulting in four decisions denying benefits. Claimant last met the eligibility requirements for disability benefits on September 30, 1979. To receive benefits, claimant must have been disabled within the meaning of the Social Security Act by that date. See Potter v. Secretary of Health & Human Servs., 905 F.2d 1346, 1349 (10th Cir.1990).
 
 
 4
 Following her first agency hearing, claimant appealed to the district court and then the Tenth Circuit. This court remanded the case pursuant to its opinion in Hanson v. Heckler, 783 F.2d 170 (10th Cir.1986). After claimant's second hearing and subsequent denial of benefits, claimant's attorney initiated proceedings to reopen the case in district court. In the interim, this court had decided Luna v. Bowen, 834 F.2d 161 (10th Cir.1987), which opinion set out an analysis for evaluating allegations of disabling pain. The district court remanded the case for consideration of claimant's allegations pursuant to Luna.
 
 
 5
 The ALJ's decision following claimant's third hearing did not address the Luna pain analysis as directed on remand, and the Appeals Council remanded the case for the third time. Another hearing was held. The fourth agency decision again concluded that claimant was not disabled. The Appeals Council denied review, and the district court affirmed. Claimant again appeals, arguing that 1)substantial evidence does not support the ALJ's decision because the record shows that claimant is unable to work due to disabling pain, 2)the ALJ asked incomplete and improper questions of the vocational expert, and 3)the ALJ erred in relying on "the grids" to reach his determination that claimant is not disabled.
 
 
 6
 When the Appeals Council denied review of the last agency decision, that opinion became the Secretary's final decision for purposes of appeal. See Williams v. Bowen, 844 F.2d 748, 749 (10th Cir.1988). This court's review of that decision is limited. Our only functions are to determine whether the record as a whole contains substantial evidence in support of the Secretary's decision and whether the Secretary applied the correct legal standards. Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1497-98 (10th Cir.1992).
 
 
 7
 "The Secretary has established a five-step evaluation process pursuant to the Social Security Act for determining whether a claimant is disabled within the meaning of the Act." Id. at 1497 (citing Williams, 844 F.2d at 750-52 (describing five steps in detail)). If, at any step in the process, it is determined that a claimant is or is not disabled, the process stops. See Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 801 (10th Cir.1991). Here, the ALJ reached step five of the applicable analysis, concluding at step four that claimant could not return to her past relevant work. When the analysis reaches step five, the Secretary bears the burden of showing that a claimant retains the capacity to perform other work and that such work exists in the national economy. See Williams, 844 F.2d at 751. The ALJ in this case determined that claimant retained the residual functional capacity to perform a full range of sedentary work at the time her eligibility for benefits expired.
 
 
 8
 Although we are somewhat at a loss as to why the ALJ did not cite and reference Luna in view of the very explicit language in the remand order, we nevertheless must affirm the agency's decision. The ALJ summarized the medical evidence carefully, and it is supported by the record. He explicitly found that "claimant, on or before September 30, 1979, did not experience severe pain in her lower extremities." Appellant's App., Vol. II at 229. Indeed, he seems to have found that she experienced no pain of any significance on or before that date, based upon claimant's statement to Dr. Jimerson in March 1979 that she was not having "any pain," and her testimony in October 1983 that she only had approximately four episodes of severe pains lasting fifteen minutes each. Id. at 227. Finally, although the record contains testimony from claimant, in hearings held after October 1983, which would support a finding that she suffered significant pain on or before September 30, 1979, the ALJ specifically found that testimony not to be credible. We cannot find this determination clearly erroneous Thus, we must hold that substantial evidence supports the ALJ's decision.
 
 
 9
 Because the ALJ is required to include only the evidence he finds credible as a basis for his questioning of the vocational expert, we reject claimant's contention that he asked incomplete and improper questions of that expert. We also reject claimant's argument that the ALJ erred in relying upon "the grids" in reaching his determination that claimant is not disabled.
 
 
 10
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable Clarence A. Brimmer, United States District Judge for the District of Wyoming, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3