MartinMartin W. EVANS, Appellant,

v.

Margaret HECKLER, Secretary of Health and Human Services, Appellee.

No. 83–2025.

United States Court of Appeals, Fourth Circuit.

Argued March 6, 1984.

Decided May 21, 1984.

Charles T. Hall, Raleigh, N.C. for appellant.

Dennis I. Moore, Asst. U.S. Atty., Raleigh, N.C. (Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., Samuel T. Currin, U.S. Atty., Raleigh, N.C., Joseph S. Friedman, Social Security Division, Dept. of Health and Human Services, Baltimore, Md., on brief), for appellee.

Before WIDENER and HALL, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

K.K. HALL, Circuit Judge:

Martin W. Evans appeals from the order of the district court affirming the Secretary's denial of his claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423. The district court found that substantial evidence supported the decision by the Administrative Law Judge (ALJ) that Evans was not severely impaired and, therefore, was not under a disability as defined by the Act. We disagree and conclude that the district court erred in finding that substantial evidence supported the ALJ's decision. Accordingly, we reverse the decision of the district court and remand the case with direction to enter judgment in favor of Evans.

### I.

Evans was fifty-five years old at the time of the Secretary's decision in August, 1981. He has a fifth-grade education. In the past, he has worked as an electrical foreman and an electrical supervisor for various employers.

Evans alleged disability because of extrinsic asthma with bronchitis, pulmonary emphysema, chronic obstructive pulmonary disease, hearing loss, headaches, nervousness, and a visual problem. At the administrative hearing, Evans testified that he had experienced trouble with his lungs for thirty-four years, and was forced to retire early because of shortness of breath. Evans stated that he is unable to stand for sustained periods because of the weakness caused by his lung condition, and that he is forced to spend his afternoons lying down. He also stated that he is unable to lie flat on a bed and sleep without feeling smothered. In response to questions concerning his work, Evans said that he loved his work and that since he has been unable to do it, his nerves have bothered him and he has been very depressed. He stated that he often thought about suicide.

The uncontradicted medical evidence documented that Evans suffered from a serious lung condition. The medical records show that since January, 1980, Evans has been under treatment at the North Carolina Memorial Hospital (NCMH) and the Vet-

erans Administration Hospital (VAH), at Durham. Evans was admitted to NCMH on five occasions during 1980, due to marked inspiratory and expiratory wheezing, acute asthmatic attacks, and an obstructive pulmonary disease. A pulmonary function study performed in March, 1980, showed him to have a forced vital capacity (FVC) of sixty-eight percent of the predicted value for a person of his height and a forced expiratory volume at one second (FEV$_1$) of sixty-five percent of the predicted value.[1] Blood gas studies performed at the same time showed hypoxemia and alkalosis.[2] Dr. Thomas M. Bulle, Evans' examining physician at NCMH, diagnosed Evans as having a moderately severe chronic obstructive lung disease with a significant bronchospastic component and concluded that Evans was "essentially disabled 100%."

Evans was admitted to the VAH on twelve occasions during 1981 and 1982 for a prolonged and severe lung infection. On February 22, 1982, he was sent to the Veterans Administrative Regional Office, in Winston-Salem, North Carolina, for an examination to determine whether he would be eligible for a non-service connected disability pension. A pulmonary function test completed at that time showed a FVC of forty-eight percent of the predicted value for a person of his height and a FEV$_1$ of twenty-two percent of the predicted value. Dr. Donald C. Hartzog, the examining physician, stated that Evans suffered extrinsic asthma with chronic bronchitis, pulmonary emphysema, and chronic obstructive pulmonary disease. As a result of this examination Evans' claim for a Veterans Administration disability pension was approved. Such a pension can be granted only to a

veteran who is permanently and totally disabled under 38 U.S.C. § 521(a) (1983).

The Secretary had Evans undergo another pulmonary function test in September, 1982. The result of that test indicated a FVC of fifty-nine percent of the predicted value and a FEV$_1$ of sixty-one percent of the predicted value.

The ALJ found that Evans had extrinsic asthma with bronchitis and pulmonary emphysema, but that these impairments were "not prohibitive of basic work activities." Consequently, the ALJ concluded that Evans did not have a severe impairment and was not entitled to disability benefits. The district court subsequently found that this determination was supported by substantial evidence. From this decision, Evans appeals.

## II.

On appeal, Evans contends that the district court erred in finding that there was substantial evidence to support the Secretary's finding that Evans did not have a severe impairment. We agree.

■ " '[A]n impairment can be considered as "not severe" only if it is a *slight abnormality* which has such a *minimal effect* on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.' " *Brady v. Heckler,* 724 F.2d 914, 920 (11th Cir.1984) (*quoting Appeals Council Review of Sequential Evaluation Under Expanded Vocational Regulations* (1980) (emphasis added). The Secretary found, and both the ALJ and the district judge agreed, that Evans' impairments are "not severe," and should not prohibit him from working.[3]

---

1. The forced vital capacity is the maximum volume of air which can be expired forcefully from the lungs. The forced expiratory volume at one second is the volume of air which can be forcefully expired during the first second after a full breath. *The Merck Manual* 577–580 (14th ed. 1982).

2. Hypoxemia is a condition in which the level of oxygen in the blood is low. *Dorland's Illustrated Medical Dictionary,* 755 (25th ed. 1977). Al-

kalosis is a condition in which the blood chemistry is changed by respiratory problems. *Id.* at 56.

3. In finding that there was substantial evidence to support the Secretary's finding that Evans did not have a severe impairment, the district court relied upon the fact that Evans did not meet the listings that designate which asthma attacks are sufficiently serious to constitute severe impairments. *See* 20 C.F.R. Part 404, Appendix I,

There is, however, no medical opinion supporting this conclusion anywhere in the record. To the contrary, the uncontroverted medical evidence leads directly to the opposite conclusion.

Dr. Bulle, Evans' treating physician at NCMH, found that Evans was "essentially disabled 100%." Dr. Bulle also stated that he could "see very little optimism for significant functional improvement in the future." Dr. Hartzog and the other doctors who examined Evans for the Veterans Administration also concluded that Evans was totally and permanently disabled.[4]

 The opinion of a claimant's treating physician is entitled to great weight and may be disregarded only if there is persuasive contradictory evidence. *See, e.g., Mitchell v. Schweiker*, 699 F.2d 185 (4th Cir.1983). Here, the medical evidence overwhelmingly supports the claimant's position that he is unable to work, and there is insubstantial evidence in the record to support the ALJ's conclusion that Evans' disabilities are "not severe." Because the uncontroverted evidence reveals that Evans is permanently and totally disabled, we conclude that the Secretary is obliged to find in favor of the claimant in this case. *See Taylor v. Weinberger*, 512 F.2d 664 (4th Cir.1975); *Breeden v. Weinberger*, 493 F.2d 1002 (4th Cir.1974); *Martin v. Secretary of Dept. of Health, Educ. & Welfare*, 492 F.2d 905 (4th Cir.1974).

### III.

For the foregoing reasons, the judgment of the district court is reversed, and this case is remanded for entry of an order directing the Secretary to award the applicable disability benefits to Evans.

REVERSED AND REMANDED WITH DIRECTIONS.

§ 3.03(B) (1983). This was error. In *Martin v. Secretary of Dept. of Health, Educ. & Welfare*, 492 F.2d 905 (4th Cir.1974), this Court stated that the listings were "a handy guide to lay examiners to advise them when disability ... has unquestionably resulted, but the regulation cannot be construed to establish the exclusive means by which the showing may be made." *Id.* at 910. *See also Chico v. Schweiker*, 710 F.2d 947, 950–55 (2d Cir.1983) (ALJ's misplaced reliance on listings required remand for a new hearing.)

4. Aside from the opinions of his physicians, Evans' medical history reveals both a serious problem with congestion of the lungs and episodes of acute asthma. Evans' pulmonary function studies show a significant diminution in his ability to breathe. Blood gas studies indicate his breathing difficulties prevent him from getting enough oxygen into his blood. Thus, even without considering the opinions of his physicians, it is very difficult to believe that Evans would now be able to return to work.