Lucille HONAKER and Mozella
Meade, Plaintiffs,

v.

Margaret H. HECKLER, Secretary of
Health and Human Services,
Defendant.

Civ. A. Nos. 84–0208–A, 84–0291–A.

United States District Court,
W.D. Virginia,
Abingdon Division.

March 12, 1985.

Larry Grant Browning and Gregory Herrell, Lebanon, Va., for plaintiffs.

John P. Alderman, U.S. Atty., Roanoke, Va., for defendant.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

These consolidated challenges to final decisions of the Secretary of Health and Human Services (Secretary) present an issue of first impression to the court in light of the recent decision by the Fourth Circuit Court of Appeals in *Evans v. Heckler*, 734 F.2d 1012 (4th Cir.1984). Lucille Honaker (Civil Action No. 84–0208–A) challenges a final decision of the Secretary denying her application for widow's disability insurance benefits on account of her husband's earnings. Mozella Meade (Civil Action No. 84–0291–A) challenges the Secretary's final decisions which denied her concurrent application for widow's disability insurance benefits on account of her husband's earnings as well as supplemental security income benefits pursuant to 42 U.S.C. § 1381 *et seq.* Jurisdiction of the court is founded upon 42 U.S.C. § 405(g), and the questions before the court are whether the decision of the Secretary is supported by substantial evidence or whether there is good cause to remand for further proceedings.

Following the lead taken by the Eleventh Circuit in *Brady v. Heckler*, 724 F.2d 914 (11th Cir.1984), the Fourth Circuit Court of Appeals, in *Evans*, held that in a claim for benefits under Title II of the Social Securi-

ty Act, 42 U.S.C. §§ 416 and 423, a claimant's impairment (or impairments) can be considered non-severe only if such impairment(s) constitute a "slight abnormality" having a "minimal effect" on the claimant's ability to work irrespective of the claimant's age, education or work experience. Counsel for the plaintiffs in these consolidated cases innovatively seeks to bootstrap this Title II principle into the administrative deliberative process for widow's claims. Simply put, it is argued that in order to reach a determination as to whether a widow's impairment(s) meets or is the regulatory equivalent of the impairments set forth in the Secretary's Listings of Impairments (20 C.F.R. § 404.1525, Appendix 1) there must be an adjudication of severity. If this adjudication must occur, it is suggested by plaintiffs that the *Evans* standard should apply. As to the plaintiffs' claims for widow's disability benefits pursuant to 42 U.S.C. § 423, the court disagrees.[1] However, as to Mozella Meade's concurrent claim for supplemental security income benefits based on disability under 42 U.S.C. § 1381 *et seq.*, it is clear that the standards set in *Evans* are applicable.

Both statutorily and regulatorily, widow's disability claims are to be considered under standards different from claims for either disability insurance benefits or supplemental security income benefits based on disability. Congress makes this differentiation patently clear in the language of 42 U.S.C. § 423(d)(2)(B) as follows:

> A widow, surviving the divorced wife, widower ... shall not be determined to be under a disability (for purposes of section 402(e) or (f) of this title) unless his or her physical or mental impairment or impairments are of a level of severity which under regulations described by the Secretary is deemed to be sufficient to preclude an individual from engaging in any gainful activity.

The Secretary has promulgated her regulations governing the deliberative process for Title II, Title XVI (SSI) and widow's claims.

20 C.F.R. Parts 404 and 416 (20 C.F.R. § 404.1501 and § 416.901 *et seq.*). The validity of these regulations is not an issue.

Both 20 C.F.R. § 404.1501 *et seq.* and § 416.901 *et seq.* provide the pertinent regulatory framework. The general rules for evaluating disability are set forth in §§ 404.1520 through 404.1523 and §§ 416.920 and 416.923 respectively. These rules have commonly been referred to as the sequential evaluative process. That process includes, should the evidence so compel, a consideration of whether a claimant's impairment(s) is severe. 20 C.F.R. §§ 404.1520(c) and 404.1521; 20 C.F.R. § 416.920(c) and 416.921.

Carved out of the sequential evaluative process, however, are the considerations to be made in determining disability for widows, widowers and surviving divorced spouses. 20 C.F.R. § 404.1577 through § 404.1580. As stated, in order for a surviving widow to qualify, her impairment, either physical or mental, must reach a level of severity that prevents her from doing any gainful activity. 20 C.F.R. § 404.1577. A widow will be found disabled if her impairment(s) meets specific clinical findings that are set forth in the Secretary's Listings of Impairments, 20 C.F.R. § 404.1525, Appendix 1, or constitute the medical equivalence of those set forth in the Listings. In addition, the impairment must meet the durational requirements of the Act. 20 C.F.R. § 404.1578. Therefore, the initial steps in the sequential evaluative process, i.e. determining whether the claimant is engaged in substantial gainful activity or has a severe impairment or combination thereof, are not determinative considerations; the only consideration being whether the claimant's impairment(s) meets or equals the listings for the durational limit. While plaintiffs, in the cases at bar, proffer innovative suggestions as to the standards applicable in determining whether a widow suffers an impairment that either meets or is the medical equivalent of the impairments set forth in the

---

1. As to each plaintiff's claim for widow's benefits, it is conceded by counsel that should *Evans* not apply, the Secretary's final decision is supported by substantial evidence.

Secretary's Listings, such principles simply do not apply.

As indicated, however, a determination of Mozella Meade's application for concurrent supplemental security income benefits is governed by the sequential evaluative process. This was recognized both by the Law Judge in his decision of May 21, 1984, and by the Secretary when the Appeals Council adopted the Law Judge's decision on July 12, 1984 (See TR 16). However, the court cannot conclude that the standard applied by the Law Judge in adjudicating the severity issue, namely whether the impairments "significantly limit her ability to perform basic work related activities," comports with the standards set forth in *Evans*. (See TR 17, Finding 4). It is the court's view that the Secretary has inadequately adjudicated plaintiff's claim to this extent.

Additional reasons exist to remand Mozella Meade's claim for further consideration of her SSI claim. The Secretary, in her memoranda before the court, points out that new rules were adopted by Congress in the Social Security Disability Benefits Reform Act of 1974 which pertain to determinations of claims based solely, or in part, on allegations of disabling pain. While the Secretary suggests that the new legislation compels a finding by this court that the Secretary's final decision is supported by substantial evidence, it is the court's opinion that such compels a remand for reconsideration especially in light of *Evans*.

Accordingly, the court will enter orders in these cases as follows:

1. The final decision of the Secretary denying Lucille Honaker's claim for widow's disability benefits will be affirmed.

2. The Secretary's final decision denying Mozella Meade's application for widow's disability benefits will be affirmed but the Secretary's final decision denying Mozella Meade's application for supplemental security income benefits will be remanded for further proceedings. Upon remand, should the Secretary be unable to determine that Mozella Meade is entitled to supplemental security income benefits on account of disability on the record as now constituted, she shall be directed to recommit this action to an Administrative Law Judge wherein both sides will be entitled to present such evidence as may be relevant to the issue of plaintiff's disability within the meaning of the Act and wherein all questions posed by the sequential evaluative process may be properly addressed.

The Clerk is directed to send a certified copy of this Memorandum Opinion to all counsel of record.