869 F.2d 594
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jean R. TALLEY, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 88-3867.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 3, 1988.
Decided: Feb. 21, 1989.
 
 Charles Cooper Geraty, III (James G. MacQueen, MacQueen, Rosenfield and Green, on brief), for appellant.
 Deborah Fitzgerald, Assistant Regional Counsel (Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Chief, Social Security Litigation Division, Department of Health and Human Services; Henry E. Hudson, United States Attorney, Robert W. Jaspen, Assistant United States Attorney, on brief), for appellee.
 Before DONALD RUSSELL and JAMES DICKSON PHILLIPS, Circuit Judges, and DENNIS R. KNAPP, Senior District Judge for the Southern District of West Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Jean R. Talley (Claimant) appeals from a decision of the district court affirming the Secretary's denial of her claim for Social Security disability insurance benefits, brought pursuant to 42 U.S.C. Sec. 405(g). We affirm.
 
 I.
 
 2
 The claimant filed her current application for benefits on February 18, 1986, alleging blurred vision, multiple sclerosis, dizziness, and weakness. Plaintiff requested an administrative hearing which was held in November 1986. The Secretary determined that plaintiff was not disabled on or before June 30, 1980, the last date on which she met the disability insured status requirements. Plaintiff objected to the Secretary's finding on the ground that it was not supported by substantial evidence and filed her case in district court.
 
 
 3
 The record indicates that plaintiff began visits to Dr. David B. Moga, an orthopedic surgeon, in August 1975, complaining of pain in her left shoulder and hand. Dr. Moga diagnosed plaintiff's condition as bursitis and prescribed medication. Plaintiff returned to Dr. Moga in June 1977, complaining of increased pain in her right shoulder which was diagnosed as bicipital tendonitis. Plaintiff was again examined in December 1978, because of complaints that she was experiencing pain in her right knee which she said occasionally buckled or gave way. The diagnosis was again bursitis. Plaintiff sought no further medical treatment for related symptoms until the year 1982. Plaintiff did testify at the administrative hearing that she did seek medical treatment in the late 1970's at the Louisa Medical Center; the record indicates that the ALJ sought to substantiate this claim but found that the center's medical records had been destroyed.
 
 
 4
 In May, 1982 plaintiff was referred to Dr. Justiniano F. Campa who reported that she was suffering from multiple sclerosis. In 1986, Dr. Campa reviewed the complaints plaintiff had presented to Dr. Moga and concluded that they were most likely symptoms of multiple sclerosis and that it was unlikely that plaintiff could have continued working at her job after 1975.
 
 
 5
 The administrative law judge (ALJ) considered Dr. Campa's reports but rejected that portion of his report wherein Dr. Campa suggested the time when plaintiff became disabled. The ALJ specifically noted the absence of medical treatment between 1978 and 1982 and the fact that Dr. Campa readily admitted that he was only guessing the date plaintiff first became disabled. Plaintiff then filed her claim in district court asserting that she was entitled to Social Security benefits prior to June 30, 1980. Upon review of the ALJ's decision the United States magistrate concluded that since Dr. Campa's 1986 diagnosis was an educated guess and at odds with the diagnosis of the plaintiff's treating physician Dr. Moga, it was properly rejected by the ALJ. Cook v. Heckler, 783 F.2d 1168 (4th Cir.1986); Blalock v. Richardson, 483 F.2d 773 (4th Cir.1972). The magistrate also determined that the ALJ properly disregarded the testimony of plaintiff and her husband as lacking accuracy.
 
 
 6
 Claimant filed objections to the magistrate's proposed memorandum and order on the ground that although Dr. Campa initially characterized his opinion as an "educated guess," he later stated in a letter of January 6, 1987, that his opinion was intended to be based on his experience as a neurologist with particular expertise in the field. Upon review of the magistrate's proposed findings, the district court held that although the conclusion of the magistrate regarding Dr. Campa's opinion was in error, plaintiff's benefits should be denied. The district court found that there was a conflict between the diagnosis of Dr. Moga and Dr. Campa but that it is the Secretary and not the courts who must resolve such conflicts. Cook, supra, at pgs. 1173-1174. The district court found that the ALJ resolved the conflict in favor of Dr. Moga on the ground that the diagnosis of disabling multiple sclerosis was made in hindsight rather than by claimant's treating physician observing the symptoms at the time in question.
 
 II.
 
 7
 Under the Social Security Act, the scope of judicial review of the final decision of the Secretary is limited to whether, based on the record as a whole, the decision is supported by substantial evidence. 42 U.S.C. Sec. 405(g) (West 1983); Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is:
 
 
 8
 [E]vidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."
 
 
 9
 Shively v. Heckler, 739 F.2d 987, 989 (4th Cir.1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966) (citations omitted).
 
 
 10
 It is clear that the medical evidence substantially supported the ALJ's findings. In reviewing social security cases, great deference is given to the opinion of a claimant's treating physician. Indeed, the opinion of a treating physician is "entitled to great weight for it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." Foster v. Heckler, 780 F.2d 1125, 1130 (4th Cir.1986); Evans v. Heckler, 734 F.2d 1012 1015 (4th Cir.1984). In the instant case, claimant's treating physician at the time plaintiff alleges she became disabled in 1975 was Dr. Moga. Plaintiff visited Dr. Moga on three separate occasions between 1975 and 1978. At no time did Dr. Moga, an orthopedic surgeon, conclude that plaintiff's condition had reached disabling proportions. At best, there is a conflict between the diagnosis of Dr. Moga and Dr. Campa. In such cases the Secretary must resolve the conflict. Here the ALJ's reliance on Dr. Moga's diagnosis in finding plaintiff was not disabled prior to June 30, 1980 was entirely appropriate. The ALJ resolved any conflict of the medical evidence in favor of Dr. Moga's diagnosis since Dr. Moga was plaintiff's treating physician who observed the claimant and her symptoms at the time in question. As noted by the district court judge, it is the Secretary, not the courts, who must resolve such conflicts. Cook at page 1173-1174.
 
 
 11
 Upon review of the record as a whole, we hold that the Secretary's findings are supported by substantial evidence in that plaintiff was not disabled prior to June 30, 1980.
 
 
 12
 AFFIRMED.