914 F.2d 247
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Yvonne M. DORTON, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 89-2199.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 23, 1990.
Decided Sept. 10, 1990.
 
 Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. Glen M. Williams, Senior District Judge. (CA-84-251-B)
 Margaret Tuttle Schenck, Client Centered Legal Services of Southwest Virginia, Inc., Castlewood, Virginia, for appellant.
 Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Chief, Social Security Litigation Division, Lawrence John Harder, Assistant Regional Counsel, Department of Health & Human Services, Philadelphia, Pa., John P. Alderman, United States Attorney, Jean Martel Barrett, Assistant United States Attorney, Roanoke, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL, PHILLIPS and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The appellant, Yvonne M. Dorton, thrice made application for Supplemental Security Income alleging that she had a severe medical impairment which limited her ability to work. Twice this claim was denied by the governing administrative body and twice the cause was remanded to the Secretary of Health and Human Services for further findings. After the district court's second remand of the case, the Secretary found that the appellant was in fact disabled. See 20 C.F.R. Sec. 416.921. The appellant now seeks to recover attorney's fees in the amount of $1,237.50 pursuant to the provisions of the Equal Access to Justice Act, 28 U.S.C. Sec. 2812(d), alleging that the Secretary's decisions denying her claims had not been substantially justified.
 
 
 2
 The district court considered the issue and denied the fees. The court noted that this case was first remanded because the Secretary had decided that the appellant's impairment was "not severe." This Administrative decision was entered on February 24, 1984, prior to the decision of Evans v. Heckler, 734 F.2d 1012 (4th Cir.1984), in which this court clarified the definition of "severe impairment." The second remand was ordered after new evidence was presented to the district court showing that the appellant had attempted suicide by ingesting an overdose of valium. The district court, in its remand order, noted that although the evidence may justify the award of benefits, the ultimate decision about such an award was left to the Secretary.
 
 
 3
 In light of the conflicting evidence presented in the record, we now find that the position of the Secretary in twice denying benefits was substantially justified and accordingly the decision of the district court denying the petition for attorney's fees was not an abuse of discretion. See Pierce v. Underwood, 108 S.Ct. 2541, 2547 (1987). We dispense with oral argument because the facts and legal contentions are well set forth in the record and further argument would not aid in the decisional process.
 
 
 4
 AFFIRMED.