Michael S. CASPER, Plaintiff,

v.

Michael J. ASTRUE, Commissioner of Social Security, Defendant.

No. 5:08–CV–444–BO.

United States District Court,
E.D. North Carolina,
Western Division.

April 13, 2010.

Vaughn Stephen Clauson, The Clauson Law Firm, PLLC, Durham, NC, for Plaintiff.

Eileen A. Farmer, Social Security Administration, Baltimore, MD, for Defendant.

## ORDER

TERRENCE W. BOYLE, District Judge.

This matter is before the Court on Defendant's Motion to Alter or Amend Judgment. For the reasons set forth herein, the Motion is DENIED.

## INTRODUCTION

On May 26, 2009, 2009 WL 1491163, this Court entered an Order reversing the decision of the Administrative Law Judge ("ALJ") and remanding this matter for an award of benefits. This Court found that substantial evidence did not support the ALJ's factual finding that Plaintiff was not disabled. The Commissioner filed this Motion to Alter or Amend Judgment on June 8, 2009. Plaintiff responded on June 19, 2009. The Motion is now ripe for ruling.

## DISCUSSION

This Court previously found that the ALJ's decision denying benefits was not supported by substantial evidence. The ALJ erred in failing to give proper weight to Plaintiff's treating physician's assessment and failing to evaluate the severity of Plaintiff's ailments in combination. As such, this Court reversed the ALJ's decision and remanded for an award of benefits.

The Commissioner's Motion argues that this Court erred both in finding that the ALJ's decision was not supported by substantial evidence and in remanding

this matter for an award of benefits. The ALJ is correct to note that this Court's review of the ALJ's decision is limited to whether the ALJ's decisions is supported by substantial evidence. But, in the instant case, the ALJ "failed to analyze the cumulative effect the impairments had on the claimant's ability to work." *Walker v. Bowen*, 889 F.2d 47, 49–50 (4th Cir.1989). Considering Plaintiff's impairments in combination as opposed to individually, as required by *Cook v. Heckler*, 783 F.2d 1168, 1174 (4th Cir.1986), the ALJ's opinion is not supported by substantial evidence.

Plaintiff suffers from chronic back pain secondary to lumbar degenerative disc disease, obesity, bipolar mood disorder, flares of psoriasis, and gastroesophageal reflux disease ("GERD"). The combined effect and interaction between Plaintiff's conditions is demonstrated by the conclusion of Dr. Scott Schell, Plaintiff's treating physician, that Plaintiff's ability to tolerate work stress in light of his bipolar disorder was directly related to his ongoing symptoms of back pain. Dr. Schell diagnosed Plaintiff with bipolar disorder as Plaintiff's treating physician in March, 2004. Dr. Schell also performed a consultative exam for the State agency in November, 2005. At that time he found that Plaintiff had a GAF score of 60 and that Plaintiff was moderately impaired in nine of twenty basic mental activities required for continuous work. Dr. Ben Williams, PhD, a state agency psychological consultant, found that Plaintiff would be "moderately limited" in his ability to complete a normal workday and workweek without interruptions from psychological symptoms and to perform at a consistent pace without unreasonable rest periods. Similarly, Dr. Antonia Cusi found that Plaintiff was fairly stable but remains fragile and easily overwhelmed with daily routines of living and could easily decompensate any time. These findings are consistent with Plaintiff's account of the loss of his last job. No medical evidence in the record contradicts these findings. Rather, the ALJ points to several reports that Plaintiff had not decompensated. But as § 12.00(E) of the listings indicates: "you may commonly have your life structured in such a way as to minimize your stress and reduce your symptoms and signs. In such a case, you may be much more impaired for work than your symptoms and signs would indicate."

In sum, when Plaintiff's exertional and non-exertional limitations are considered in combination, the ALJ's findings that Plaintiff did not medically equal a listing and that Plaintiff had the residual functional capacity to perform light work with a sit/stand option and additional postural limitations were not supported by substantial evidence.

■■■ The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 237 (E.D.N.C.1987) (citing *Gavin v. Heckler*, 811 F.2d 1195 (8th Cir. 1987)); *see also Taylor v. Weinberger*, 512 F.2d 664, 668 (4th Cir.1975) ("Thus, we do not view this case as one that turns upon an inadvertent procedural or technical flaw in the administrative process that reasonably ought to be subject to correction. Instead, it seems to us that we are asked to allow the Secretary to start over again in his determination to deny benefits to Mrs. Taylor."). In the instant case, further fact finding by the ALJ is not necessary. A vocational expert testified at the hearing that no jobs existed in the national economy for an individual with limitations as were set forth in Plaintiff's testimony. And there is insubstantial evidence in the record to support the ALJ's findings. *See Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir.1984). Thus, a remand of this matter

for further proceedings would merely add cost and delay.

CONCLUSION

Therefore, Defendant's Motion to Alter or Amend Judgment is DENIED.