Jennifer Ann WILLIAMS, Plaintiff,

v.

Michael J. ASTRUE, Commissioner of Social Security, Defendant.

No. 4:11–CV–89–BO.

United States District Court, E.D. North Carolina, Eastern Division.

May 16, 2012.

Susan M. O'Malley, Keel O'Malley Tunstall, LLP, Tarboro, NC, for Plaintiff.

Elisa Donohoe, Social Security Administration, Baltimore, MD, for Defendant.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

This matter is before the Court on the parties' Cross–Motions for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure [DE 49, 53]. Ms. Williams alleges that the Administrative Law Judge ("ALJ") erred by failing to find that Ms. Williams met Listing § 11.02. For the reasons stated below, Plaintiff's Motion [DE 49] is GRANTED, Defendant's Motion [DE 53] is DENIED, and the decision of the Commissioner is REVERSED and REMANDED for an award of benefits.

## BACKGROUND

Plaintiff applied for supplemental security income on January 11, 2008, alleging an onset date of November 19, 2002. Tr. 390–92. Her claim was denied initially, Tr. 320–23, and on reconsideration, Tr. 329–38. Plaintiff timely requested a hearing before an ALJ. Tr. 339–41. Her hearing was held on April 13, 2010, before ALJ Robert J. Phares. Tr. 20. ALJ Phares denied Plaintiff's claims in a decision dated July 12, 2010. Tr. 7–18. Plaintiff sought Appeals Council review of the ALJ's decision, which was denied on April 22, 2011, and ALJ Phares' decision then became the final agency determination. Tr. 1–3. Having exhausted her administrative remedies, Plaintiff filed a complaint in this Court on June 6, 2011 [DE 1]. The parties have each moved for judgment on the pleadings. A hearing on the cross-motions was held in Edenton, North Carolina, on May 9, 2012 [DE 56]. The motions are now ripe for adjudication.

## DISCUSSION

■■■ Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir.2005) (per curiam) (internal quotation marks omitted).

An individual is considered disabled if the individual is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

### I. The Five–Step Sequential Evaluation

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's RFC is assessed to determine if the claimant can perform physical and mental work activities on a sustained basis despite limitations from his impairments. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. *See* 20 C.F.R. § 404.1512(g). If the claimant cannot perform other work, then he is found to be disabled.

### II. The ALJ's Decision of July 12, 2010

In this case, the ALJ found that the claimant has not been under a disability, as defined in the Social Security Act, since January 11, 2008, the date the application was filed. Tr. 18. At step one, the ALJ found that the claimant had not engaged in substantial gainful activity since January 11, 2008, the date the application was filed. Tr. 10. At step two, he found that at all times relevant to this decision, the claimant had the severe impairment of "seizure disorder." Tr. 12.

■■■ At step three, the ALJ found that the claimant has not had an impairment

that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1. Tr. 12. At step four, the ALJ found that Ms. Williams has the RFC to perform "a full range of work at all exertional levels but with the following nonexertional limitations: the claimant should never perform tasks that require working at heights or around moving machinery. The claimant is unable to drive a motor vehicle." Tr. 12–13. The ALJ found that Ms. Williams was capable of performing her past relevant work as a "cashier/checker." Tr. 16. Because the Court holds that the ALJ's determination that Ms. Williams does not meet Listing § 11.02 is not supported by substantial evidence, the Court reverses and remands for an award of benefits and declines to address Ms. Williams' other grounds for appeal.

Listing § 11.02 requires "convulsive epilepsy, (grand mal or psychomotor), documented by detailed description of a typical seizure pattern, including all associated phenomena; occurring more frequently than once a month in spite of at least 3 months of prescribed treatment" with either (1) daytime episodes or (2) nocturnal episodes manifesting residuals which interfere significantly with activity during the day. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.02. Dr. William Deans' reports document that Ms. Williams suffers from more than one seizure per month, despite undergoing three months of prescribed treatment. Tr. 752. In 2010, while medicated, she had three seizures in March, six in April, and five in May. Tr. 752. The Commissioner does not contest this fact [DE 54 at 10]. In Dr. Deans' report of June 23, 2010—his second report—Ms. Williams was diagnosed with "[t]emporal lobe seizure disorder with continued seizures despite present medication." Tr. 752.

At the time of the hearing, Dr. Deans' second report was not yet available. On the evidence presented at the hearing, the ALJ found that "there is insufficient objective medical evidence to support that the claimant's seizure disorder cannot be controlled with treatment." Tr. 13. However, the very Social Security Ruling the ALJ cites in support of his finding demonstrates that, in light of new and material evidence considered by the Appeals Council, Ms. Williams now has the objective documentation to show that she meets Listing § 11.02. As required by the Ruling, Ms. Williams experienced more than one seizure per month over at least three months while following a prescribed regimen of medication. Tr. 752; *see* SSR 87–6, 1987 WL 109184 (1987).

Contrary to the Commissioner's assertion that Ms. Williams' allegations of frequent seizures are "not objective evidence" and her statements "cannot be verified," Dr. Deans documented Ms. Williams' reported seizures along with his diagnosis and recommended an alteration in Ms. Williams' medications as a result of the visit. Tr. 752. In his report of March 2, 2010, Dr. Deans noted that he would count Ms. Williams' seizure medication pills so that they could be counted at a later visit to assess compliance. Tr. 727. Dr. Deans also requested an EEG for Ms. Williams, which was "abnormal with bitemporal spike discharges," which the report noted to be consistent with a seizure disorder. Tr. 735. This objective medical evidence demonstrates that Ms. Williams' seizure disorder was not controlled with prescribed medication and that she continued to have both daytime and nocturnal episodes. Tr. 752. It also contradicts the ALJ's conclusion that "the frequency of the claimant's seizures has decreased and that her symptoms, otherwise, may not be as serious as has been alleged in this application and appeal." Tr. 15.

The Commissioner reminds the Court that Ms. Williams has the burden of dem-

onstrating that her impairments are included in or equal in severity to those found in the Listing of Impairments. *Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). This Ms. Williams has done through Dr. Deans' reports. The Commissioner points to no element of the Listing that Ms. Williams fails to meet, but rather relies on a characterization of Ms. Williams' treatment history as sometimes sporadic and noncompliant. In light of the objective medical evidence now available, the Court holds that Ms. Williams satisfies all of the requisite elements of Listing § 11.02.

 The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen,* 672 F.Supp. 230, 237 (E.D.N.C.1987); *see Evans v. Heckler,* 734 F.2d 1012, 1015 (4th Cir.1984). In this case, the Appeals Council considered Dr. Deans' second report, but determined that the new evidence did not constitute a basis for reviewing Ms. Williams' case. Tr. 1–4. The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger,* 493 F.2d 1002, 1012 (4th Cir.1974). In *Breeden,* the Fourth Circuit noted that "the statute governing review in Social Security cases authorizes [the court] to reverse the [Commissioner]'s decision 'with or without remanding the cause for a rehearing.'" *Id.* at 1011–12 (citing 42 U.S.C. § 405(g)).[1] It further held that such reversal without

remand was appropriate where a case had been pending in the agency and courts for almost five years, almost the exact time that has elapsed in Ms. Williams' case. Because there is not substantial evidence in the record to support the ALJ's conclusion, and because the evidence as a whole compels a conclusion that Ms. Williams meets Listing § 11.02, the Court concludes that the Commissioner is obliged to find in favor of the claimant in this case.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion [DE 49] is GRANTED, Defendant's Motion [DE 53] is DENIED, and the decision of the Commissioner is REVERSED and REMANDED for an award of benefits.

---

1. Specifically, the statute as currently codified provides that "[t]he [reviewing] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirm- ing, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2010).